No. 9181.

## THE CITY OF NORTH VERNON v. VOEGLER.

CITY.— *Negligence.* — *Drainage.*— *Surface Water.*— *Complaint.* — *Contributory Negligence.*—A municipal corporation has no right to construct a ditch in such manner as to collect surface water into a channel and pour it upon lands where it is not accustomed to run, and in a complaint for such injury it is not necessary to aver that the plaintiff was without fault.

SAME.—*Grading Streets.*—*Damage.*— *Ordinance.* — *Instruction.*—Where such injury is caused by grading a street, the fact that such grading was done in pursuance of an ordinance of the city in no manner exonerates the city from liability for such injury, and a request, in an action to recover damages therefor, to thus instruct the jury, was properly refused.

From the Jennings Circuit Court.

*J. L. Yater* and *N. G. Smith*, for appellant.

*J. Overmyer*, for appellee.

BEST, C.—The appellee brought this action to recover dam-
ages for injuries alleged to have been done her property by
the manner in which a street near it was graded by the ap-
pellant.  Issues were formed, a trial had and a verdict re-
turned for the appellee.  A motion for a new trial was over-
ruled and judgment was rendered upon the verdict.

The appellant assigns as errors, that the complaint does not
state facts sufficient to constitute a cause of action, and that
the court erred in overruling the motion for a new trial.  The
complaint was in these words:

.  " Mary Voegler, plaintiff, complains of the City of North
Vernon, defendant, and says that at the time of the commit-
ting of the grievances hereinafter mentioned she was the owner
in fee simple of lots Nos. 12, 39 and 40 in Pabody's addition
to said city; that at said date there were situate upon said
lots, the property of plaintiff, a dwelling-house, barn, out-
houses, hay in stack, and other personal property; that dur-
ing the spring and summer of 1879, and before the bringing
of this suit, the defendant caused to be graded a certain street
in said city known as North O. & M. avenue; that the said
lots of plaintiff do not abut upon the said North O. & M.
avenue, but lie on the opposite side of the Ohio & Mississippi
Railroad from the said North O. & M. avenue, and two of
said lots front upon —— street, in said city; that said North
O. & M. avenue was graded by the defendant in such a man-
ner and so negligently as to throw upon and over the said
lots of plaintiff a large quantity of water, falling and being
upon the surface of the earth adjacent to said avenue so graded,
which, before such grading was done, drained off in other
directions and upon and over other lands than the lots of
plaintiff; that the negligence in said grading of said street
complained of consisted in this, that the defendant wholly
failed to make the necessary culverts to carry off the water
accumulating on said street after said grading was done, but
caused said grading to be so done that the water, accumulating
on said street where said grading was done, was and is all

carried on and over the plaintiff's said premises, which was not the channel for such water before such grading was done; that so great has been the increase in the amount of water carried upon and over said lots on account of said grade, so negligently done as aforesaid, that since said grading was done, and by reason thereof, the said lots have been overflowed, the soil torn up and washed away, the hay injured by the water coming up into the stack, the house rendered almost uninhabitable by reason of the soil, manure and filth being washed thereunder and against the same, the fences injured, the ground about said house rendered sickly and unwholesome, whereby the plaintiff has been damaged in the sum of $500. Wherefore," etc.

The first objection made to the complaint is that it does not aver that the injury was caused without the fault of the appellee. This averment is unnecessary in actions of this kind. *Roll* v. *City of Indianapolis*, 52 Ind. 547.

It is next insisted that municipal corporations are not liable for such injuries as are alleged in the complaint. We think otherwise. The complaint fairly charges that the appellant so graded said street as to collect in an artificial channel the surface water from the territory adjacent to said street, which did not before that time flow upon the appellee's property, and to pour the same upon her lots to their injury and to her damage. For this wrong the appellant was liable as was decided in the recently well considered case of *Weis* v. *City of Madison*, 75 Ind. 241 (39 Am. R. 135). This case is decisive of this question against the appellant, and we content ourselves with a reference to it.

The grounds of the motion for a new trial were, that the court erred in refusing to give instruction numbered one, and that the verdict was not supported by sufficient evidence and was contrary to law.

We have examined the evidence and think it justified the verdict of the jury. The verdict was, of course, not contrary to law.

The instruction referred to was in these words: "If the defendant's street was graded under the provisions of an ordinance passed by the common council of said city for that purpose, and in the execution of the work and grading of said street under said ordinance, plaintiff's property was damaged as a necessary result of such grading, the plaintiff can not recover, for the reason that the grading of a street under an ordinance of the common council is a judicial act and the city is not liable for damages resulting from the execution of the work under such ordinance."

If a municipal corporation has no right to collect surface water in a channel and pour it upon the land of another, as was held in *Weis* v. *City of Madison, supra,* it is no justification to show that it was done by grading a street in pursuance of an ordinance passed for such purpose. If an injury results from such cause, the fact that the grading was done in pursuance of an ordinance in no manner exonerates the city from liability, as it possesses no power to thus injure the property of others. The instruction did not express the law as applicable to the case made by the complaint and by the evidence, as we think, and it was, therefore, properly refused.

This disposes of all the questions raised, and as there is no error in the record the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.