The City of Crawfordsville *v.* Bond.

Filed June 19, 1884.

---

No. 11,231.

## THE CITY OF CRAWFORDSVILLE *v.* BOND.

PLEADING.—*Complaint.*—*Defect of Parties.*—If a defect of parties does not appear by the averments of a complaint, a demurrer for that cause must be overruled.

SAME.—*Demurrer.*—*Harmless Error.*—Where the general denial is pleaded, other paragraphs of answer, only alleging facts which are provable under the general denial, are useless, and there can be no available error in sustaining demurrers to them.

CITY.—*Drainage.*—*Streets.*—*Liability for Injury by Water.*—If a city, by the use of a culvert not constructed by it, damage a citizen by reason of discharging the drainage of its streets upon his lot, it is liable.

SAME.—*Surface Water.*—If a city, by its system of street improvement and drainage, collect a large body of surface water in one place, it must then provide for its escape without injury to private property, or answer in damages.

From the Montgomery Circuit Court.

The City of Crawfordsville v. Bond.

*A. Campbell, E. C. Snyder* and *M. W. Bruner,* for appellant.
*T. E. Ballard* and *M. E. Clodfelter,* for appellee.

FRANKLIN, C.—This action was brought by the appellee against the appellant to recover for certain damages alleged to have resulted from the flowing of surface water through a culvert in the road bed of the Indiana, Bloomington and Western Railway. A demurrer was overruled to the complaint, and the defendant answered in six paragraphs, to which demurrers were sustained to all but the sixth, which is a denial. There was a trial by jury; verdict for appellee for $150. A motion for a new trial was overruled, and judgment rendered upon the verdict.

The errors assigned are: The overruling of the demurrer to the complaint, the sustaining of the demurrers to the first, second, third, fourth and fifth paragraphs of the answer, and the overruling of the motion for a new trial. The demurrer to the complaint stated two grounds of objection, defect of parties, and want of sufficient facts. The first is mainly relied upon. And it is insisted that the Indiana, Bloomington and Western Railway Company should have been made a party defendant. The complaint expressly charges that the defendant committed the wrongs complained of, and says nothing about the railway company having anything to do with them. There may be a cause of action separately against the railway company, or jointly with the defendant; but, if so, it is not shown by this complaint, and we do not think that the question as to whether the railway company ought to be made a party defendant is presented by demurring to the complaint. Where the want of proper parties does not appear in the complaint, if made available, it must be made to appear by answer, or in the evidence under a denial, by proving that the railway company did the acts that caused the injury complained of, and that the defendant had nothing to do with the matter.

There are sufficient facts alleged in the complaint to con-

The City of Crawfordsville v. Bond.

stitute a cause of action against the defendant. There was no error in overruling the demurrer to the complaint.

In connection with the overruling of the demurrer to the complaint, appellant's counsel discuss the second specification of error, the sustaining of the demurrer to all the answers except the denial. These special paragraphs of answer, each and all, set up what the railway company had done, and that the defendant had nothing to do with the things complained of. They were each and all nothing more than special denials, and while the general denial was in there was no available error in sustaining the demurrers to these special denials.

Under the motion for a new trial, appellant's counsel complain of the giving of certain instructions, the modification of certain instructions asked, and the refusal to give others that were asked.

In their brief they only insist upon error in refusing to give instructions asked. In order to understand the application of the instructions asked and refused, it is necessary to give the substance of the facts in the case, which are as follows:

In the south part of the city of Crawfordsville, Franklin street runs east and west; Plum street runs north and south. The I., B. & W. R. W. is located on Franklin street. The appellant owns the lot of land in the southwest angle of the crossing of these streets; one Krugg owns the lot in the northwest angle of the crossing, and the lot immediately west thereof. The level of the ground, both north and south of Franklin street, and immediately west of said crossing, was below the grade of the street. A depression was in the ground extending from the north and running southeast through Krugg's west lot, entering appellant's lot near the northwest corner, and running diagonally southeast across the same. The drainage of that locality was to the southeast.

When Franklin street was improved and the railroad constructed, a sewer was put under the street and railroad bed at the point of this depression, and extended some distance south into appellee's lot before it emptied, until the depres-

sion was sufficiently low to allow the water to be discharged therefrom, without overflowing the north part of appellee's lot. Her residence was upon the north part of the lot. She filled up across the north end of her lot for a front yard to her residence, the water being discharged from the sewer south of the filling. Krugg filled up his lots, and there being a north and south alley upon the west side of his west lot, he forced the surface water back upon the alley, and in order to get rid of it constructed a box sewer from the alley to the sewer passing under the grade of the street and railroad.

Under this condition of affairs the city constructed a drain running south along the alley to the railroad grade, at which point, some fifty feet west of the old sewer, the railroad company constructed a culvert in their railroad grade upon a higher level than the old sewer, discharging the surface water into the ditch upon the south side of Franklin street, and the city closed up the old sewer.

The water discharged through the new culvert ran east along the ditch on the south side of Franklin street, until it came to plaintiff's lot, where it overflowed the ditch and flooded her front yard and garden, washed away large quantities of soil, destroyed her garden vegetables, and injured the shrubbery and walks in her front yard. Under this state of facts, shown by the evidence, appellant asked the court to instruct the jury as follows:

"*First.* If the new culvert was not built by the defendant, but by the railroad company, they should find for the defendant."

The evidence showed that the city had constructed a drain north and south along the alley upon the west side of Krugg's lots to the north side of Franklin street, and a sewer in connection therewith under the north side of Franklin street connecting with a culvert under the track of the railroad put in in part by the railroad company, through which drain, sewer and culvert a large amount of surface water was collected together and passed over and upon plaintiff's premises. The city stopped up the drain that led to the old sewer

and the sewer itself. There was evidence also showing that the city constructed a part and the railroad company the balance of the new culvert, upon a higher level than the old sewer; that the marshal and street commissioner of the city officers were frequently present while the new culvert was being constructed, inspecting the work on it, and giving the workmen engaged at it directions. The drain in the alley and the sewer in Franklin street to the railroad track were made before the culvert was put in. There was evidence tending to show that the new culvert was jointly put in by the city and the railroad company. The plaintiff complains of the construction of the drain and sewer and the discharge of the surface water through the culvert upon her premises, after having been collected together by the improvements of the city, as much as she does of the construction of the culvert itself. It is doubtless true, that where a railroad company, within the corporate limits of a city, constructs a drain, sewer or culvert for its own use, the railroad company, and not the city, is liable for any damage to property owners thereby. *Stackhouse* v. *City of Lafayette*, 26 Ind. 17. But if the city uses said water-way it is liable to property owners for any damages resulting from such use in the discharge of its surplus water. This instruction is too narrow; it ignores the city's participation in the construction of the new culvert, and its use of the water-way for the discharge of its surplus surface water. There was no error in refusing to give it.

The second instruction asked substantially stated that if the city did construct the drain along the alley to the right of way of the railroad company, and the water on the north side of the railroad ran into said drain, and the railroad company, at the request of the defendant, then constructed a culvert under said railway and connected the same with the city's drain, they should find for the defendant. We do not see upon what principle of law this instruction ought to have been given. No authority is cited in support of it, nor do we think any can be found.

The City of Crawfordsville *v.* Bond.

The third and fourth instructions asked were given. The fifth reads as follows:

"If the surface water complained of was not collected together in a body by the city, nor diverted from the old sewer by the city, but was thrown back and upon the alley of the city by the filling up of William J. Krugg, and there was no sufficient outlet for said water from said alley, the city had the right, in the protection of its own property, to discharge said water upon a street of said city; and the city would not be liable for damages to any person whose property might incidentally be damaged by said water running down and along the street of the city, and thence across and upon said property, if the overflow does not result from any defect in the plan or mechanism of the work adopted by the city to carry said water off, nor from any defect in the execution of said plan."

Appellant makes no argument in favor of this instruction, but refers us to the cases of *Cummins* v. *City of Seymour,* 79 Ind. 491 (41 Am. R. 618), and *Weis* v. *City of Madison,* 75 Ind. 241 (39 Am. R. 135). In the first case cited it is said: "One would think that the property owner was quite as seriously injured by the lack of skill in devising the plan as he could possibly be by any want of care or skill in the performance of the work. Whether the unskilfulness of the plan or the negligent manner of executing it destroyed the highway, the injury would be the same. The true rule, reasonable in itself and just in its results, is, that the skill and care must extend both to the plan and its execution." And the second case referred to is cited as authority, which fully sustains it.

It is true that a city has the right to use its streets and public highways for the purpose of drainage, and in making such improvements it is not liable, as a general rule, to abutting land-owners for consequential damages. Such injuries are held to be *damnum absque injuria.* But the facts stated in this complaint, and as shown to exist by the evidence are

to be regarded as showing, "not a mere consequential injury, resulting from the exercise of a lawful power, but a direct injury by confining in an artificial channel, and pouring upon appellant's land, the surface water which, before the construction of the drains, flowed off without injury to the plaintiff's property." *Weis* v. *City of Madison, supra.*

A city has no right, even by skilful plans and careful execution, to accumulate, by its system of drainage, "such vast quantities of water at the point in question. It would be under obligation to see to it that there was a way provided for the water to escape without damage to adjoining property owners." *City of Indianapolis* v. *Lawyer,* 38 Ind. 348.

A city can not lawfully by drains gather surface water into one channel and pour it out, even upon its own street, to the injury of property owners, without making some provision for its escape. But in such cases it must provide some sufficient escape for the water thus gathered together. *Weis* v. *City of Madison, supra; Templeton* v. *Voshloe,* 72 Ind. 134 (37 Am. R. 150) ; *City of Evansville* v. *Decker,* 84 Ind. 325 (43 Am. R. 86) ; *City of North Vernon* v. *Voegler,* 89 Ind. 77.

There was no error in refusing to give this instruction, nor in refusing to give the sixth instruction asked, for the reasons stated and authorities cited in relation to the fifth. Appellant refers us to the same authorities in relation to the seventh instruction asked, which again presents the same questions, and for the same reasons we think there was no error in refusing to give this instruction.

The other instructions asked and refused to be given are not referred to in appellant's brief. Any objection, therefore, to the refusal to give them is considered as waived. There is no error in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed June 19, 1884.