The City of North Vernon v. Voegler.

No. 11,840.

THE CITY OF NORTH VERNON v. VOEGLER.

MUNICIPAL CORPORATION.—*Street Improvement.*—*Error in Plan.*—*Negligence.*—A municipal corporation is not liable for mere errors of judgment as to the plan of a public improvement, but is responsible for negligence in devising the plan of an improvement, as well as for negligence in executing the work. *Rozell* v. *City of Anderson*, 91 Ind. 591, explained.

SAME.—*Consequential Damages.*—Municipal corporations are not responsible for consequential injuries resulting from the grading of streets, where the work is done in a careful and skilful manner.

SAME.—*Permanent Improvement.*—*Damages to Real Estate.*—*Action.*—In an action for injury to real estate caused by the negligence of corporate officers in constructing a public work of a permanent character, as the grading of a street, all damages, past and prospective, can be recovered in one action.

SAME.—*Former Adjudication.*—In such a case, all the damages must be recovered in one suit, and for fresh damages resulting from the original wrong, a second action can not be maintained.

SAME.—*Answer.*—*Reply.*—*Demurrer.*—Where an answer avers that the injury complained of is the same as that declared on in the former action, and the record does not show them to be different, the averment will be taken as true on demurrer; if the causes of action are not the same, that fact must be replied.

SAME.—*Nuisance.*—The improvement of a street by a municipal corporation is not a nuisance, though done in a negligent and unskilful manner; and hence the rule that the continuance of a nuisance will supply ground for successive actions, has no application.

CAUSE OF ACTION.—*Injury.*—*Damages.*—In every valid cause of action two elements must be present, the injury and the damages; one is the legal wrong to be redressed, and the other is the scale or measure of the recovery.

SAME.—Fresh damages without a fresh injury will not authorize a second or subsequent action.

PLEADING.—*Construction of.*—Pleadings are to be judged by their general scope and tenor, and not by detached and isolated statements thrown into them.

From the Jennings Circuit Court.

*J. G. Berkshire, G. F. Lawrence* and *J. L. Yates*, for appellant.

ELLIOTT, J.—There are two paragraphs in the appellee's complaint, both alleging that the appellant so negligently and

unskilfully graded one of its public streets as to change the flow of surface water, gather it in one channel and pour it upon the lots of the appellee, greatly injuring her property. The first paragraph of the complaint differs from the second in one particular, and that is in alleging that a former action was commenced by the appellee which resulted in a judgment in her favor. The allegations upon this subject are these: "That in September, 1879, the plaintiff brought suit against the defendant for the damages then accrued to her by reason of the overflowing and injury of her premises up to that time; that in March, 1880, she recovered judgment in that action for eighty dollars so accrued up to September, 1879; that all of said overflowings of said premises have continued, as also the other said injuries to plaintiff's premises ever since September, 1879, when the former action was brought, but the defendant has done nothing and made no efforts to change or prevent said flow of water over the lot of plaintiff."

On these averments the appellant founds the objection to the complaint, that it shows on its face that the matter pleaded has been adjudicated, but as there are answers which more clearly present the question, we defer our consideration of it until we take up those answers.

The second paragraph of the answer is in substance this: The improvement of the street was made under an ordinance and a plan of the common council, duly enacted and adopted; that the improvement of the street was, in the judgment of the common council, necessary and proper, and that the injuries complained of were the unavoidable result of the improvement of the street.

The sufficiency of this answer is sought to be maintained upon the decision in *Rozell* v. *City of Anderson*, 91 Ind. 591, but that decision is very far from sustaining such an answer as the one before us. In that case, the evidence was not in the record, as the opinion shows, and the court was simply called upon to determine whether the instruction assailed was correct upon any supposable state of the evidence admissible

under the issues in the cause. We have no doubt that the ruling in that case was right upon the question as the record presented it. We hold now, as we held then, that, as an abstract rule of law, a municipal corporation is not liable for mere errors of judgment as to the plan of a public improvement; but we did not then hold, nor do we now hold, that for negligence, whether in the plan of the work or its execution, a municipal corporation is not liable. That we did not then hold that for negligence the municipal corporation is not liable, is evident from the fact that the court, in the opinion given in that case, cites with approval the cases which hold a municipal corporation liable for negligence in the plan of an improvement as well as in the manner of executing the work.

We have many cases, extending from *City of Indianapolis* v. *Huffer*, 30 Ind. 235, down to *City of Crawfordsville* v. *Bond*, 96 Ind. 236, holding that for negligence in devising a plan as well as for negligence in executing it, the municipal corporation is liable. This was in effect the decision in the case appealed to this court by the appellant, involving the sufficiency of just such an answer as that now before us. *City of North Vernon* v. *Voegler*, 89 Ind. 77. The question was fully considered and the authorities cited in the cases of *City of Evansville* v. *Decker*, 84 Ind. 325 (43 Am. R. 86), *Cummins* v. *City of Seymour*, 79 Ind. 491 (41 Am. R. 618), *Weis* v. *City of Madison*, 75 Ind. 241 (39 Am. R. 135), *City of Indianapolis* v. *Tate*, 39 Ind. 282, and *City of Indianapolis* v. *Lawyer*, 38 Ind. 348.

The doctrine is not only sustained by authority, but is sound in principle. Suppose that the common council of a city determine to build a sewer, and cover it with reeds, can it be possible that the corporation can escape liability on the ground that the common council erred in devising a plan? Or, to take such a case as *City of Indianapolis* v. *Huffer*, *supra*, suppose the common council undertake to conduct a large volume of water through a culvert capable of carrying less than one-

tenth of the water conducted to it by the drains constructed by the city, can responsibility be evaded on the ground of an error of judgment? Again, to take an illustration from a somewhat different class of cases, suppose the common council to devise a plan for a bridge that will require timbers so slight as to give way beneath the tread of a child, can the city escape liability on the ground that there was only an error of judgment in devising the plan? Illustrations might be indefinitely multiplied, but it is unnecessary to pursue the subject. The only rule that has any solid support in principle is, that for errors in judgment in devising a plan there is no liability, but there is liability where the lack of care and skill in devising the plan is so great as to constitute negligence.

Our decisions have long and steadily maintained that municipal corporations are not responsible for consequential injuries resulting from the grading of streets, where the work is done in a careful and skilful manner, but they have quite as steadily maintained that where the work is done in a negligent and unskilful manner, the corporation is liable for injuries resulting to adjacent property. *City of Kokomo* v. *Mahan*, 100 Ind. 242, see page 246; *City of Crawfordsville* v. *Bond, supra; Town of Princeton* v. *Gieske*, 93 Ind. 102; *Weis* v. *City of Madison*, 75 Ind. 241; S. C., 39 Am. R. 135; *City of Evansville* v. *Decker, supra*, and authorities cited; *Macy* v. *City of Indianapolis*, 17 Ind. 267.

The complaint in this case very fully alleges the negligence and unskilfulness of the defendant, and an answer admitting these allegations can not avoid them by averring, as the one before us does, that the negligence and want of skill were not in doing the work, but in devising the plan. We have not considered the fugitive denials cast into the answer for the reason that it is now well settled that pleadings are to be judged by their general scope and tenor, and not by detached and isolated statements thrown into them. *Neidefer* v. *Chastain*, 71 Ind. 363 (36 Am. R. 198); *Western Union Tel. Co.* v. *Reed*, 96 Ind. 195, see p. 198.

There are several paragraphs of answer pleading a former adjudication, and we perceive no substantial difference between them, but, as we are not aided by a brief from the appellee, and as the third paragraph presents the question in a clearer light than the others, we confine our investigation and decision to that paragraph. The material averments of this paragraph, exhibited in a condensed form, are these : On the 18th day of September, 1879, the appellee filed her complaint in the Jennings Circuit Court against the appellant, and in the action thus begun the appellee recovered judgment for $80 at the March term, 1880. This judgment remains in full force. The complaint in that action stated as a cause of action the injuries to the same property from the same negligence and unskilful improvement of the same street, as that described and charged in the present action. The appellant has made no other improvement than the one described in the former complaint, and the injuries resulting to appellee's property were such only as were caused by the improvement made prior to the filing of the complaint in the action begun in September, 1879. The concluding averment of the answer is this: "And it is the grading of the same street and the building of the same culverts and the identical grading and building, and the identical negligence and want of care and skill now complained of that were complained of in the former action and not others."

The answer presents a question of great importance and much difficulty. The theory of the appellee, as we infer from the record, is, that the former action embraced only such damages to the real estate as occurred prior to the recovery of the judgment in that action. The theory of the appellant is, that the former action embraced all damages resulting to the appellee's property from the negligent improvement of the street, and that a second action can not be maintained for the same breach of duty that formed the basis of the first action.

There is a material distinction between damages and injury.

Injury is the wrongful act or tort which causes loss or harm to another. Damages are allowed as an indemnity to the person who suffers loss or harm from the injury. The word " injury " denotes the illegal act, the term " damages" means the sum recoverable as amends for the wrong. The words are sometimes used as synonymous terms, but they are, in strictness, words of widely different meaning. There is more than a mere verbal difference in their meaning, for they describe essentially different things. The law has always recognized a difference between the things described, for it is often declared that no action will lie because the act is *damnum absque injuria*. Broom Legal Max. 195; Weeks *Damnum Absque Injuria*, 7; Broom Com. (4th ed.) 75, 621.

In every valid cause of action two elements must be present—the injury and the damages. The one is the legal wrong which is to be redressed, the other the scale or measure of the recovery. Mayne Dam. 1; 1 Sutherland Dam. 3. As there may be damages without an injury, so there may be an injury without damages. It has many times been said that no action will lie because the injury produced no damages, or, as the law phrase runs, the wrong is *injuria sine damno*.

The distinction between injury and damages is an important one in this instance, and for this reason we have been careful to mark the difference and to enforce our statement by reference to authorities, although the principle involved is a rudimentary one. The distinction is important, for the reason that the law is, that fresh damages, without a fresh injury, will not authorize a second or subsequent action. The rule is thus tersely stated in *Warner* v. *Bacon*, 8 Gray, 397: "A fresh action can not be brought unless there be both a new unlawful act and fresh damage." This rule is illustrated by many cases. Mr. Mayne refers to the case of *Howell* v. *Young*, 5 B. & C. 259, and commenting on it says: "The statute of limitations runs from the act of negligence, not from the time that an injury accrues; such injury is merely consequential damage, not a fresh cause of action; the damages then in the

original action must cover all the loss that can ever arise, because no such loss can afterwards be compensated." Mayne Dam. 611. An American author says: "A cause of action and the damages recoverable therefor are an entirety. The party injured must be plaintiff, by the common law, and he must demand all the damages which he has suffered or ever will suffer from the injury, grievance or cause of action, upon which his action is founded. He can not split a cause of action and bring successive suits for parts, because he may not be able at first to prove all the items of the demand, or because all the damages have not been suffered." 1 Sutherland Dam. 175.

The rule we are discussing applies to cases of personal injuries, for, among the earliest of the reported cases, we find it laid down for law that in an action for trespass to the person the recovery of damages must be once for all, including past as well as prospective damages. *Fetter* v. *Beale*, 1 Salk. 11; S. C., 1 Ld. Raymond, 339.

In *Hodsoll* v. *Stallebrass*, 11 Ad. & E. 301, it was held that both injury and damage must concur to give a cause of action; that the damages were not the sole cause of action, and the jury were directed to assess both present and prospective damages, because a second action could not be brought for damages resulting from the same injury. Upon this ancient doctrine rest the cases which hold that where personal injuries are received from the negligent act of a carrier of passengers, or are caused by the negligence of a municipal corporation, all the damages, present and prospective, must be assessed in one action, because a second action can not be brought. *Town of Elkhart* v. *Ritter*, 66 Ind. 136; *Weisenberg* v. *City of Appleton*, 26 Wis. 56; S. C., 7 Am. R. 39; *Whitney* v. *Clarendon*, 18 Vt. 252; S. C., 46 Am. Dec. 150; 1 Sutherland Dam. 197, auth. n. p. 198.

Mr. Mayne, in discussing this general subject, says: "Similar questions often arise in cases where a person by digging, mining, building, or the like, affects the plaintiff's land or

house in such a manner as to produce injurious conse-quences, which manifest themselves at a later period. Here it is now settled that all subsequent or recurring damage may be assessed, and can only be recovered in a suit brought upon the original cause of action." Mayne Dam. 138. In *Backhouse* v. *Bonomi*, 9 H. L. Cases, 503, the doctrine declared by the author from whom we have quoted is asserted. There is, however, a later English case which seems to break in upon the rule of the earlier cases, and to shake in some degree, at least, their authority. It does, indeed, expressly overrule the case of *Lamb* v. *Walker*, L. R. 3 Q. B. Div. 389. The case to which we refer is *Mitchell* v. *Darley Main Colliery Co.*, 21 Cent. L. J. 148; S. C., 24 Am. L. Reg. 432. If that case can be regarded as well decided, it must be deemed an exception to the general rule, for the general rule is, that one action, and one only, can be maintained for a breach of duty con-stituting a tort. The English court seems to have gone still further in opposition to the ancient rule, in *Brunsden* v. *Hum-phrey*, 24 Am. L. Reg. 369, but in that case Chief Justice Coleridge dissented, and an able reviewer says: "It certainly seems that the reasoning of COLERIDGE, C. J., in the prin-cipal case, is more in harmony with the established rules of law. And it should be noted that the opinion of POLLOCK, B., and LOPES, J., in the court below, 11 Q. B. 712, were on the same side, so that really the majority of those judges who have expressed opinions on the subject are against suc-cessive actions in such cases." *Ibid.* 378.

These English cases may, however, be discriminated from the one we are discussing, for, in this case, the improvement of the street was a permanent one; while, in the only one of these English cases that is analogous to the present, the act out of which the wrong arose was of a different character. The case before us is clearly analogous to the seizure of land un-der the right of eminent domain for railroad or highway purposes, and in all such cases it is held, both by the English

and the American courts, that all the damages, present and prospective, must be assessed in one proceeding. *Lafayette, etc., Co.* v. *New Albany, etc., R. R. Co.*, 13 Ind. 90; *Montmorency, etc., Co.* v. *Stockton*, 43 Ind. 328; 1 Sutherland Dam. 191.

In the case of *Powers* v. *Council Bluffs*, 45 Iowa, 652, S. C., 24 Am. R. 792, the city cut a ditch along the side of the plaintiff's lot and caused his lands to be overflowed, and it was declared that the cause of action was complete when the unlawful act was committed, and that all of the damages accruing from the original wrong must be included in one action. It is true, that this case has been criticised, but the criticism does not affect its force upon the point to which we cite it. Wood Lim. of Actions 372. The criticism upon the case is, that the court erred in holding that the cause of action accrued when the ditch was dug, for the reason that no damages at all accrued until some time after the ditch was dug, and until the damages did accrue there was no complete cause of action. Conceding, but not deciding, that the criticism is just, it does not break the force of the decision as applied to this case, for, here, there were both damages and injury before the first action was commenced, and Mr. Wood concedes, or rather affirms, that if the element of damages had been present in the case cited, the decision would be right. In *Town of Troy* v. *Cheshire R. R. Co.*, 3 Foster N. H. 83, it was held that, " In case for nuisance, if the act done is necessarily injurious, and is of a permanent nature, the party injured may, at once, recover his damages for the whole injury." In that case the injury to the town was done by the construction of a railroad, and the court said : " The injury done to the town is then a permanent injury, at once done by the construction of the railroad, which is dependent upon no contingency, of which the law can take notice, and for the injury thus done to them, they are entitled to recover at once their reasonable damages."

It is true in the present case, as it was in the one referred

to, that the improvement of the street was a permanent one, and as it was permanent the cause of action was complete when damages resulted, and the recovery must be, not for part of the damages, or for some damages, but for all the damages resulting from the wrong which constituted the cause of action. Turning to a somewhat different line of cases, we find running through them all the same general principles found in the cases we have cited. Thus, in actions against an attorney for negligence, the rule is that all the loss resulting from the wrong must be recovered in one action, and no subsequent action can be maintained. *Wilcox* v. *Plummer*, 4 Peters, 172; *Moore* v. *Juvenal*, 92 Pa. St. 484; *Campbell's Adm'r* v. *Boggs*, 48 Pa. St. 524; *Downy* v. *Garard*, 24 Pa. St. 52; *Miller* v. *Wilson*, 24 Pa. St. 114; *Owen* v. *Western Saving Fund*, 97 Pa. St. 47; S. C., 39 Am. R. 794; *Howell* v. *Young, supra.*

In *Owen* v. *Western Saving Fund, supra,* the last case cited was approved, and it was said of it: "And, in this case, it was held, that special damages, resulting from a breach of duty, do not constitute a fresh ground of action, but are merely the measure of the injury resulting from the original cause." The general principle we are discussing was involved in the case of *Richardson* v. *Eagle Machine Works*, 78 Ind. 422 (41 Am. R. 584), where it was held that an agent who elected to bring an action for wages could not bring a second action to recover damages for a breach of the contract, stipulating that the employment should continue for one year.

In *Crosby* v. *Jeroloman*, 37 Ind. 264, the court quoted with approval from the opinion in *Secor* v. *Sturgis*, 16 N. Y. 548, the following: " I admit that the rule does not extend to several and distinct trespasses or other wrongs, nor, as we have seen, to distinct contracts. It goes against several actions for the same wrong, and against several actions on the same contract."

The general rule, as stated by a recent author, is this: " When a wrongful act is done which produces an injury

which is not only immediate, but from its nature must necessarily continue to produce loss independent of any subsequent wrongful act, then all the damages resulting, both before and after the commencement of the suit, may be estimated and recovered in one action." 3 Sutherland Dam. 403.

In *Adams* v. *Hastings, etc., R. R. Co.*, 18 Minn. 260, this rule was enforced. The court, speaking of the construction of a railroad, said : "And if such erection necessarily caused the surface water to stand upon plaintiff's land, or run into his cellar and well, he could recover therefor in this action, though such injury might not accrue for some time after the completion of such illegal act, viz. ; the making of the roadbed and track." This general principle is also maintained in *Seely* v. *Alden*, 61 Pa. St. 302.

There are many cases declaring and enforcing the general rule that the plaintiff may recover in one action all the damages he suffers, whether retrospective or prospective, where the injury which causes the loss or harm is of a permanent character, as a street, a canal or a railroad. All things that proximately contribute to the injury may be taken into consideration in estimating the damages, and if the injury extends so far as to totally destroy the value of the property, then damages equal to the value of the property may be awarded. Mr. Freeman states the rule very strongly. His statement is this: "All the damages which can, by any possibility, result from a single tort, form an indivisible cause of action." He also says: "For damages alone, no action can be permitted. Hence, if a recovery has once been had for the unlawful act, no subsequent suit can be sustained." Freeman Judg., section 241. The cases of *Cadle* v. *Muscatine Western R. R. Co.*, 44 Iowa, 11, *Finley* v. *Hershey*, 41 Iowa, 389, *Illinois Central R. R. Co.* v. *Grabill*, 50 Ill. 241, *Elizabethtown, etc., R. R. Co.* v. *Combs*, 10 Bush, 382, *Jeffersonville, etc., R. R. Co.* v. *Esterle*, 13 Bush, 667, illustrate and enforce the principles we are discussing.

In *Fowle* v. *New Haven, etc., Co.*, 112 Mass. 334, S. C., 17

The City of North Vernon v. Voegler.

Am. R. 106, language is used which so forcibly applies here that we quote it: "The case at bar," said the court, "is not to be treated strictly in this respect as an action for an abatable nuisance. More accurately it is an action against the defendant for the construction of a public work under its charter in such a manner as to cause unnecessary damage by want of reasonable care and skill in its construction. For such an injury the remedy is at common law. And if it results from a cause which is either permanent in its character, or which is treated as permanent by the parties, it is proper that entire damages should be assessed with reference to past and probable future injury."

As probable future damages may be taken into consideration in an action to recover for a loss caused by the negligence of corporate officers in constructing a public work of a permanent character, the plaintiff in such an action can recover all the damages he has sustained, and in such cases no second action can be maintained. To permit a second action to recover damages resulting from the negligent grading of a street, would be to allow successive damages to be awarded where there was no fresh wrong. Great injustice would almost inevitably result from a rule permitting successive actions, for it would be impossible to prevent damages from being twice assessed for the same wrong.

The ultimate conclusions to which these authorities lead are: *First.* That where there is one cause of action, all the damages must be recovered in one suit, and for fresh damages resulting from the original wrong a second action can not be maintained. *Second.* Where the cause of action is the negligence and unskilfulness of the officers of a municipal corporation in the improvement of a street, the injury is complete and permanent, constituting but one cause of action, and in a suit on that cause of action all damages, present and prospective, may be recovered, and for fresh damages resulting from the improvement a second action will not lie.

The complaint of the appellee, as we have seen, is based

upon the negligence of the corporate officers in improving a street and the improvement is a permanent one, so that the tort which formed the basis of the action was complete when damages resulted. The answer avers, and the demurrer admits, that there was no new wrong or negligence. As the pleadings stand, there is a single wrong and nothing more. The fresh damages do not, as the pleadings aver, arise from a new or fresh wrong. The case, therefore, is not within the authorities which hold that where there is a new neglect or a fresh wrong, there may be a second action.

The answer avers that the injury complained of is the same as that declared on in the former action. It goes even further, for it affirmatively shows that no improvement has been made, and that no grading has been done since that described in the former complaint. The causes of action are, therefore, the same. Where the answer avers the causes of action to be the same, and the record does not show them to be different, the averment is taken to be true on demurrer. *Cutler* v. *Cox*, 2 Blackf. 178.

If the causes of action are not the same, that fact must be replied. *James* v. *State*, 7 Blackf. 325. We have, upon the pleadings, therefore, a case where there are fresh damages, but where there is no fresh cause of action, for the utmost that can be yielded to the appellee is, that the record shows that damages have resulted since the first action, flowing, however, from the original wrong. We need not decide what might be successfully replied; we simply decide the question before us, and our decision is that the answer sufficiently pleads a former adjudication.

We have already placed stress upon the fact that the construction of the highway is permanent, and that the wrong was complete when the street, as a permanent work, was finished and damages resulted. We deem it proper to emphasize this element of the case, for we can readily conceive cases of an essentially different character where a very different rule would apply. We can conceive of cases where a tem-

porary wrong might be done under such circumstances as would make it reasonable to presume that the defendant would right the wrong before a recurrence of harm or loss, and in such cases it might well be that the plaintiff could bring a second action. We know that there are cases where it is proper to presume that the wrong-doer will not maintain the unlawful thing that caused the harm or loss. Mayne Dam. 141, section 110. But the case upon which we are pronouncing judgment, and to which we confine our decision, is one where the improvement of the street was a completed and permanent fact, and where the parties must presume that it was permanent in its character, and that it was intended that the thing done should remain unchanged. It can not be presumed that municipal officers, having built a street or road, intended it to be temporary; a presumption that the wrong was not of a permanent character might, perhaps, obtain where a natural watercourse is temporarily obstructed, or where, in the course of improving a street, water was thrown upon a lot; but it can not prevail where the improvement of the street is complete and the street permanently constructed.

This is not the case of a nuisance. It is the case of a negligent improvement of a street. The improvement was in itself rightful and legal, but the manner in which the improvement was made was wrongful. The wrong was not in grading the street, but in the manner of doing it. It is not a nuisance for a municipal corporation to grade its streets, but it is an actionable wrong to do it negligently. The wrong in negligently grading the street is the basis of the action, for there are no facts alleged constituting a nuisance. It is not a nuisance to do what the law authorizes, but it may be a tort to do the authorized act in a negligent manner. It is evident, therefore, that the cases which hold that the continuance of a nuisance will supply grounds for successive actions have no influence upon this case.

Judgment reversed.

Filed Oct. 27, 1885.