Culbertson *v.* Knight.

---

CULBERTSON ET AL. *v.* KNIGHT ET AL.

[No. 18,262.   Filed January 24, 1899.]

DRAINS.—*Construction.*—*Assessment of Benefits.*—Under the provisions of sections 4285 and 4288, R. S. 1881, authorizing the construction of drains when the same shall be conducive to the public health, convenience, or welfare, or when the same will be of public benefit or utility, and authorizing the assessment of lands with benefits for the construction thereof, whether the drain passes through the lands assessed or not, whatever will come to the land from the construction of the drain to make it more valuable for tillage, or more desirable as a place of residence, or more valuable in the general

Culbertson *v.* Knight.

market, should be reckoned as benefits, whether the drain actually reaches the land and receives the water directly from it or not. *pp. 123, 124.*

DRAINS.—*Assessments of Benefits.*—Where the owner of an upper estate collects surface water into a body by a system of artificial drainage, or even cuts a channel that will enable the water to flow more rapidly or in a larger volume upon lower lands, benefits may be assessed to the upper lands for the construction of a drain upon the lower lands which provides means of escape for such water. *pp. 124, 125.*

SAME.—*Assessment of Benefits.*—In assessing benefits to lands for the construction of a drain to carry off water discharged from such lands by artificial drains, the viewers may take into consideration that the upper landowners are liable to be enjoined by the owners of the lower lands from discharging waters collected by them by such drains. *pp. 125, 126.*

From the DeKalb Circuit Court.    *Affirmed.*

*James E. Rose* and *James H. Rose,* for appellants.

*E. D. Hartman,* for appellees.

HADLEY, J.—This action was commenced by the appellees filing in the commissioners' court, a petition asking for the location of a public drain, under section 5656 Burns 1894, section 4286 Horner 1897. Viewers were appointed who made report, establishing the drain and assessing the lands which in their opinion would be benefited thereby, and among others assessed benefits to the lands of appellants. To this report of the viewers, appellants filed a remonstrance, under section 5665 Burns 1894, section 4295 Horner 1897, upon the grounds: (1) That their respective assessments were too high, and, (2), the assessments of others were too low, and, upon their request, reviewers were appointed who made report that "we find that the action of the viewers was just and correct, and we sustain and approve the action of the viewers and their report."

Thereupon the commissioners approved the report of the viewers and entered an order establishing the drain. From the decision of the board of commissioners establishing the drain the remonstrators appealed to the DeKalb Circuit

Culbertson *v.* Knight.

Court. The case was there tried, and upon request, the court found the facts specially and stated conclusions of law in favor of the petitioners and, overruling appellants' motion for a new trial, rendered judgment thereon, establishing said drain as located by the viewers, and confirming assessments as made and remanding the same to the board of commissioners for construction in the manner, and of the dimensions, prescribed in the report of the viewers. From the judgment an appeal is taken to this court.

The only error assigned and discussed is the overruling of appellants' motion for a new trial and the only question presented by the motion, and appellants' brief, is the sufficiency of the evidence to support the judgment. As stated by appellants, the question is, "whether or not the lands of the remonstrators will be benefited by the construction of the drain?"

The record discloses that the proposed drain commences at the junction of two other drains, known as the Leighty and Baker drains, at a point one and three-fourths miles east of the west line of Concord township, and that the water-shed, at the west line of Concord township, is twenty and forty-three-hundredths feet higher than at the point of commencement; and the assessments complained of here are laid upon the highlands of the water-shed, drained along the lines of the present Leighty and Baker drains, and continuing over the lines of the proposed drain through a natural water course known as Bear creek, to the St. Joseph river.

The appellants' contention is that their lands are sufficiently drained by artificial ditches already in successful operation—that they cannot reach the proposed drain without crossing the lands of others, and, hence, are not benefited by its construction. The statute under which the proceeding is had cannot be brought within the narrow limits contended for by appellants, for it is apparent, from the act itself, that the legislature had in view something more than an increase in the productiveness of wet lands. The first section of the

act recites that boards of commissioners may cause the construction of drains when the same shall be conducive to the public health, convenience, or welfare, or when the same will be of public benefit or utility. Section 5655 Burns 1894. And section 5658 provides that all lands, benefited by a public ditch, shall be assessed in proportion to the benefits for the construction thereof whether it passes through the lands or not. Public health, public convenience and public utility are fundamental considerations, and these, with all other subjects that affect the value of land, must be counted upon by the viewers in determining the question of benefits. A rule that has received high sanction is stated thus, "The only safe and practical course, the one which will do equal justice to all parties, is to consider what will be the influence of the proposed improvement on the market value of the property." *Matter of William & Anthony Streets*, 19 Wend. 678; Cooley on Tax., 660; *State* v. *Mayor, etc.*, 35 N. J. L. 157, 166; *Lipes* v. *Hand*, 104 Ind. 503.

Whatever will come to the land from the drain to make it more valuable for tillage, or more desirable as a place of residence, or more valuable in the general market, should be reckoned as benefits, and these questions arise without reference to whether the drain actually reaches the land and receives the water directly from it. Indeed it is provided by section 5658, *supra*, that the viewers shall regard accruing benefits whether the drain passes through the land or not in so far as it affords an outlet for the drainage of the land.

The position of appellants, that their lands, being sufficiently high above the proposed drain to enable them successfully to discharge upon lower lands, the water falling and coming upon their grounds, and that consequently they can receive no benefits from the construction of the proposed ditch, cannot be sustained.

A fact found by the court and not challenged is as follows: "That the lands of the petitioners are frequently overflowed and injured by water that comes upon them through ditches

Culbertson *v.* Knight.

that drain the water from the lands of the other persons, parties hereto, and affected by said ditch." The owner of an upper estate has no right to collect the water falling upon his land into a ditch and hurl it in a flood upon his neighbor below. The owner of the superior land may suffer the water that falls upon his fields to find its natural way off, even to the descent upon his neighbor to his injury, but, when he collects it into a body by a system of artificial drainage, or even cuts a channel that will enable the water to pass away more rapidly, or in larger volume, then the law requires him to look beyond his own line and make provision for the abnormal body of water he has created. He may not thus injure his neighbor by an increased volume of water and avoid the burden of providing for increased means of escape. *Templeton* v. *Voshloe,* 72 Ind. 134; *Weddell* v. *Hapner,* 124 Ind. 315; *Weis* v. *City of Madison,* 75 Ind. 241; *City of Crawfordsville* v. *Bond,* 96 Ind. 236; *City of Evansville* v. *Decker,* 84 Ind. 325.

It was not only the right but the duty of the viewers in their examination of the premises to regard these things, and if they found the fact to be, as stated by the court, that the lower lands were frequently overflowed and injured, by water that comes upon them *through ditches* that drain the water from the higher lands, to adjudge benefits to such upper lands by the creation or enlargement of a channel sufficient to avoid such overflowing and injury. Appellants' position, that the viewers could only look at conditions as they existed at the time, is unsound. They could consider that the owners of intervening lands had the right to fight "the common enemy," and upon their own premises even to raise embankments to ward off the water coming upon them by natural surface drainage other than by natural, or prescriptive water courses, and thus heap up the surface water upon the appellants' land without relief to them except through our drainage laws. *Cairo, etc., R. Co.* v. *Stevens,* 73 Ind. 278; *Hill* v. *Cincinnati, etc., R. Co.,* 109 Ind. 511.

The viewers could further consider, that appellants were constantly liable to be enjoined by the owners of the lower lands from discharging their collected water upon their properties, and, in determining the question of benefits, they could count upon conditions that lawfully existed, or could so exist. The burden of proof, that their lands were not benefited by the proposed drain, rests upon the appellants (remonstrators). *Wilson* v. *Talley*, 144 Ind. 74.

Three disinterested freeholders and householders, not of kin to any party interested, after actual view of the premises, determined the several amounts of benefits assessed against the appellants' lands. The amounts assessed were small. . Three reviewers, of like qualifications, reëxamined the lands, revised the several assessments, and found them all "just and correct" as stated by the viewers. The circuit court heard the testimony of the viewers and many other witnesses, *pro* and *con*, and, having weighed the evidence, confirmed the assessments of benefits as they had been made by the viewers, with two unimportant exceptions, and under the rule many times announced, this court will not disturb the finding.

Judgment affirmed.