## WATSON ET AL. v. ARMSTRONG ET AL.

[No. 22,279. Filed June 26, 1913.]

1. DRAINS.—Establishment.—Assessments.—The circuit court has no authority to make an assessment against lands for the cost of constructing a drain unless such lands are specially benefited by such construction. p. 51.

2. DRAINS.—Establishment.—Determination of Benefits.—Assessments.—The question of whether a proposed drain is a special benefit to the land assessed for its construction is one of fact to be determined from the evidence, and an assessment may be justified even if the benefits are not direct and immediate, since collateral or indirect benefits, as well as future possibilities may be considered. p. 52.

3. DRAINS.—Establishment.—Benefits.—Evidence.—In proceedings for the construction of a drain, which involved the widening and deepening of an existing drain, where, besides the testimony of

the commissioners who made the assessment of benefits, there was evidence showing that, by the construction and cleaning of the existing drain, a large portion of the water that naturally flows across the land of remonstrant would be caught by the drain before it reaches his land, that the proposed drain runs through a low, wet, swampy section of the country, that prior to the construction of the existing drain the land through which it runs was covered by water and was forest, and that after its construction the land was cleared and produced good crops, as long as the drain was kept open, the judgment of the court confirming the assessment is supported by sufficient evidence and will not be disturbed on appeal. p. 53.

From Gibson Circuit Court, *Herdis F. Clements,* Judge.

Proceedings for the construction of a drain by Warrick Armstrong and others, in which William T. Watson and others remonstrated against the report of the drainage commissioners as to the assessments against the lands of remonstrants. From a judgment confirming the assessments, the remonstrants appeal. *Affirmed.*

*Morton C. Embree, Lucius C. Embree* and *John W. Brady,* for appellants.

*Luther Benson, Claude A. Smith* and *Henry Kister,* for appellees.

ERWIN, J.—This was a proceeding instituted under the drainage laws of 1907 (Acts 1907 p. 508, §6174 Burns 1908), by appellee, Richard Sumner and others for the construction of an open ditch, by the widening and deepening beyond the original specifications of a public ditch, previously established and constructed by order of the Gibson Circuit Court, upon and along the same route, and known as "The Sumner Ditch." In due course of the proceedings the report of the drainage commissioners was filed, which included an assessment against the lands of appellants, Blood, Blood and Blood, as joint owners of certain lands as tenants in common and an assessment against the lands of appellant William T. Watson. In due time appellants, Blood, Blood and Blood, filed a remonstrance as follows: (1) Because as to each tract and parcel of land above described separately,

the same will neither be affected nor benefited to the extent of the assessment reported against the same as aforesaid, by the proposed work if accomplished. (2) Because it will not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits. (3) That the following described tracts, or parcels of the aforesaid lands of these remonstrators, to wit: (Here follows a description of each separate tract of land) and each one thereof separately are assessed too much as compared with the following described other lands, owned by other persons, and reported in said report of said drainage commissioners, as benefited in the amount set opposite the description of same, as follows: (Here follows description of other lands belonging to other persons than appellants.)

Appellant William T. Watson filed a separate remonstrance for statutory causes as follows: (1) That none of said tracts and parcels of land will be affected or benefited to the extent of the assessment made against the same in said report by the proposed work if accomplished. (2) That it will not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits. (3) That the proposed work as decided upon and reported by said commissioners will not be sufficient to properly drain the land to be affected or any one of the tracts and parcels of land hereinbefore described.

The trial of the cause resulted in the court making a few minor changes in the assessments, but left them practically as made by the commissioners. From the judgment of the court in establishing said drain and confirming the assessments, appellants appeal to this court. The assignment of errors presents the questions to this court, that the decision of the court is contrary to law, and is not sustained by sufficient evidence.

1. Appellants contend that the court was not authorized to make an assessment against their lands, unless they derive a special benefit from its construction.

This contention is true. *Palmer* v. *Stumph* (1868), 29 Ind. 329, 337; *Law* v. *Madison, etc., Turnpike Co.* (1868), 30 Ind. 77, 79; *Heick* v. *Voight* (1887), 110 Ind. 279, 285, 11 N. E. 306; *Ross* v. *Stackhouse* (1888), 114 Ind. 200, 206, 16 N. E. 501; *Lipes* v. *Hand* (1886), 104 Ind. 503, 605, 1 N. E. 871, 4 N. E. 160; 25 Am. and Eng. Ency. Law 496; Cooley, Const. Lim. (4th ed.) 634. Whether a proposed drain is or is not a special benefit to the land

2. assessed for its construction, is a question of fact to be determined from the evidence in the particular case, and it is not necessary that the benefits be direct and immediate to justify an assessment. Not only may collateral or indirect benefits be considered, but future possibilities, if any, may also be considered. *Lipes* v. *Hand, supra; Hinesley* v. *Crum* (1910), 175 Ind. 10, 14, 93 N. E. 274; *Culbertson* v. *Knight* (1899), 152 Ind. 121, 124, 52 N. E. 700. Witnesses gave testimony on the trial of this case as to the benefits to each tract of land involved, with their reasons for so fixing the benefits, while others testified that as to lands of appellants the proposed drain could not possibly benefit said lands. In the case of *Culbertson* v. *Knight, supra,* this court lays down a rule as to fixing the benefits to lands assessed for the construction of drains as follows: "Whatever will come to the land from the drain to make it more valuable for tillage, or more desirable as a place of residence, or more valuable in the general market, should be reckoned as benefits, and these questions arise without reference to whether the drain actually reaches the land and receives the water directly from it." In the same case this court cites with approval the following rule: "The only safe and practical course, the one which will do equal justice to all parties, is to consider what will be the influence of the proposed improvement on the market value of the property." Cooley, Taxation (2d ed.) 660; *State* v. *Mayor, etc.* (1871), 35 N. J. L. 157, 166, 10 Am. Rep. 223.

The testimony of a number of the witnesses is, that by the

construction and cleaning of the Sumner Ditch, that a 3. large portion of the water that naturally flows across the lands of Watson from the east, is caught by the drain before it reaches his land, and is carried away from his lands. The testimony of all witnesses is to the effect that this proposed drain runs through a low, wet, swampy section of the country. The testimony of other witnesses is to the effect, that before the construction of the original Sumner Ditch, the land through which it runs was covered by water and was forest, but that since that ditch was dug, much of the land has been cleared and farmed; that after its construction the lands of appellants produced fairly good crops, but that after the ditch had grown up in willows and filled with logs and other obstructions there was a falling off in the crops raised. Three disinterested freeholders and householders, not of kin to any of the parties interested, after an actual view of the premises determined the actual benefits which should be assessed against the appellants' land.

The circuit court heard the testimony of numerous witnesses, including the commissioners and having weighed the evidence confirmed the assessment of benefits substantially as made by the commissioners and under the rule many times announced, this court will not disturb the finding. Judgment affirmed.

Spencer, C. J., not participating.

NOTE.—Reported in 102 N. E. 273. See, also, under (1, 2, 3) 14 Cyc. 1059. As to drainage in the aspect of a public use within eminent domain laws, see 102 Am. St. 832. As to what property is liable for assessment for construction of drains or sewers, see 58 L. R. A. 353; 26 L. R. A. (N. S.) 973.