JAMES O. BAKER ET AL., APPELLANTS, V. MORRILL DRAINAGE DISTRICT, APPELLEE.

FILED OCTOBER 16, 1915. No. 18473.

1. **Drains:** DRAINAGE DISTRICT: APPORTIONMENT OF BENEFITS. The record examined and set out in the opinion, *held* sufficient to show that the board of directors of defendant drainage district, on March 22, 1913, made an apportionment of benefits to the lands in said district and duly published the same.

2. ———: ———: ———: OBJECTION: WAIVER. And appellants, having appeared at such meeting of the board and made objection to the assessment of benefits against their lands, by prosecuting an

appeal from such assessment to the district court, waived their right to insist in said court that no apportionment of benefits had in fact been made.

3. ——: ——: ——: APPEAL: SUFFICIENCY OF EVIDENCE. Where it appears that the directors of a drainage district, before apportioning benefits to the lands within such district, went upon each parcel of land and carefully inspected the same, and that the judge of the district court, on the hearing of an appeal from the action of the board, also went upon and inspected the lands, and, after doing so, affirmed the action of the board, these facts, in the absence of satisfactory evidence of fraud or mistake, will be held sufficient to sustain the findings and judgment of the trial court.

APPEAL from the district court for Scott's Bluff county: RALPH W. HOBART, JUDGE. *Affirmed.*

*L. L. Raymond,* for appellants.

*William Morrow, contra.*

FAWCETT, J.

This is an appeal by 12 landowners from a judgment of the district court for Scott's Bluff county, sustaining an apportionment of benefits to their several tracts of land, as made by the board of directors of the defendant drainage district on March 22, 1913. Five errors are assigned in appellants' brief, but only two are presented in the argument. These we will consider in their order.

"First. No apportionment of benefits was in fact ever made to appellants' lands, or any lands in said district." In support of this assignment it is urged that the record of the meeting of the board of directors, at which the apportionment of benefits was made, is insufficient to show that any assessment was actually made. The record shows a meeting of the board held March 22, 1913, at which four directors were present. It shows objections made to assessment of benefits by the parties who are appellants here, and the overruling of the same. The transcript of the proceedings of the board of directors of defendant district, filed in the district court, and a part of the record before us, gives in detail the lands assessed, the total units,

and amount of assessment. It contains this caption: "Detailed Report of the Apportionment of Benefits. Made by the Board of Directors of the Morrill Drainage District. Made and completed on the 22d day of March, A. D. 1913." To this is attached the certificate of the secretary of the board, certifying "that the above and foregoing assessment of benefits was levied by said board upon the lands, lots and parcels of land above described." This certificate is dated March 22, 1913. Conceding that the proceedings of the board, or, to speak more accurately, the record made by the board of its proceedings, may not have been in all respects regular, the appellants are not in a position to claim that no apportionment of benefits was ever made. If that allegation be true, what did they appeal from? They appeared before the board and made their objections. When those objections were overruled, they appealed to the district court. In so doing, they waived any right to insist that no apportionment of benefits had been made. It certainly would be a unique procedure for them to go to the district court and say in one breath that they appeal from an apportionment of benefits made by the drainage district, and in the next breath tell the court that the drainage district had not made any assessment. By their appeal they submitted their cause to the court and invoked its aid in reviewing the apportionment which had been made. They thereby asked the court to take evidence, investigate the facts, and determine whether their assessment was unjust or inequitable. The only question, therefore, which we can consider is, the sufficiency of the evidence to sustain the finding of the district court.

This brings us to the second assignment urged, viz.: "Appellants' lands will not be benefited by the proposed drainage works." The two principal contentions of the appellants are: First, that certain of their lands have not been drained and other portions do not need draining. This, however, is not the sole test of benefits. As said in *Dodge County v. Acom,* 61 Neb. 376: "In determining special benefits accruing to land by reason of the construction of a drainage ditch, it is proper to take into consid-

eration whatever will come to the land from the drain to make it more valuable for tillage, or more desirable as a place of residence, or more valuable in the general market, the true and final test being what will be the influence of the proposed improvement on the market value of the property." The opinion in that case, on page 388, quotes from *Culbertson v. Knight,* 152 Ind. 121, as follows: "Public health, public convenience, and public utility are fundamental considerations, and these, with all other subjects that affect the value of land, must be counted upon by the viewers in determining the question of benefits. A rule that has received high sanction is stated thus: 'The only safe and practical course—the one which will do equal justice to all parties—is to consider what will be the influence of the proposed improvement on the market value of the property.' (Citing authorities.) Whatever will come to the land from the drain to make it more valuable for tillage, or more desirable as a place of residence, or more valuable in the general market, should be reckoned as benefits, and these questions arise without reference to whether the drain actually reaches the land and receives the water directly from it."

Second, that Mr. Stewart, one of the appellants, has completed a drainage ditch that has served the purpose of draining all, or a portion at least, of the lands in controversy, and for that reason the construction of another ditch would not benefit his lands. The testimony of Mr. Stewart shows that at the time defendant drainage district was organized all he had done with reference to his ditch was the making of a survey; that he did not do any work until the spring of 1912, which was after the organization of the drainage district. We are unable to see how this work, done by Mr. Stewart at a time when he knew the defendant drainage district had been organized for the express purpose of doing that same work, and along the same proposed route, can now be urged by him and his coappellants in reduction of their assessments. While it would be the equitable thing for the defendant in completing its work to take over this ditch, if it is in fact along the line

of its survey and would be of benefit to the district, and reimburse Mr. Stewart to the extent that the work done by him has lessened its expense in completing its scheme of drainage, such action on the part of the defendant cannot be legally compelled.

Without pursuing the subject further, it appears from the record that the directors of the drainage board went upon each parcel of land and carefully inspected the same before making their apportionment of benefits. The record also shows that the learned judge who tried the case on appeal also went upon and inspected the lands, and, after doing so, affirmed the action of the drainage board. These facts tend strongly to show that the apportionment was fairly and justly made. We have found nothing in the record to satisfy us that such is not the fact.

The judgment of the district court is therefore

AFFIRMED.

HAMER, J., not sitting.