McDaniel et al. *v.* Beazell et al.

[No. 25,290.   Filed January 30, 1934.]

*Berry & Nolin, Hall & Hall,* and *Fraser & Isham,* for appellant.

*Ernest Merrick Hawkins, J. Edward Barce,* and *Elmore Barce,* for appellees.

FANSLER, J.—This is an action for the establishment and construction of a public ditch. There was a judgment establishing the ditch and assessing appellants.

Appellants assign as error the overruling of their motions for a new trial.

The plan adopted provides for a ditch approximately twenty thousand feet long, slightly less than one-half of which is to be of tile, and the lower portion open. There is a lateral, known as the Smith Tile Lateral, about seven thousand feet in length, which opens into the main ditch at approximately the beginning of the open portion. This tile lateral is along the line of an existing open ditch known as the Harris Ditch. There is an existing tile ditch known as the Howell Ditch, along substantially all of that portion of the main ditch, which is to be of tile. The open portion of the ditch is along the course of an open public drain known as the Howell Public Ditch.

It is contended that the finding and decision of the court is not sustained by sufficient evidence and is contrary to law; that the evidence shows that the present Howell Public Ditch is along the route of a natural water-course; that all of appellants' lands drain directly into the Howell Ditch and are in the basin of the natural water-course; that appellants, therefore, have the legal right to drain their lands into the Howell Ditch; that said existing ditch furnishes them a complete and perfect outlet for all of their lands; that the uncontradicted evidence shows that the

open part of the proposed ditch is to be constructed solely for the purpose of enabling appellees to drain low depressions in their lands; and that the evidence shows that appellants' lands will receive no benefit from the construction of the proposed work. But there is evidence that the appellants will be benefited. Witnesses who had examined the lands which will drain directly into the open portion of the ditch described the tracts and gave their opinion as to the value of the lands before and after the proposed improvement, showing benefits; and, in addition, engineers and experts testified that all of the land in the basin draining into the structure would be benefited by a lowering of the water levels in the upper lands, rendering them more absorbent and decreasing the excessive run-off and over-flow into the open ditch below, thus increasing the efficiency of the outlets of the lower land owners and of the Town of Boswell in time of high water, and preventing washouts and over-flows in the present lower open ditch. This evidence sustaining the judgment is sufficient. This court will not weigh conflicting evidence.

It is next contended that the court erred in refusing to permit the appellants, whose lands drain into the old Harris Ditch, and who are affected by the proposed Smith Tile Lateral, to show that the present open ditch furnishes a better outlet than will be furnished by the proposed tile lateral. Appellants concede the law to be that it is exclusively within the province of the drainage commissioners to establish the scheme of drainage to be adopted. If they had offered evidence that the present open ditch affords a better outlet than the proposed tile one, it might have been competent for the purpose of showing that their lands are not benefited, but we cannot find that they offered such evidence. They refer to certain testimony of the witnesses, Butler Bright and George Lamb. But

appellees point out that the testimony of these witnesses concerned land to be drained into the new main ditch, which is along the line of an old tile ditch. Appellants offered to prove by these witnesses that an open ditch would better serve this land than a tile ditch, but there is no open ditch in existence affecting the land concerning which the witnesses testified. The record does not indicate that their testimony was directed toward the proposed Smith Tile Lateral or the present Harris Open Ditch.

It is next contended that there is no proof of benefits to justify the assessment of $1,000.00 against the town of Boswell for benefits to its streets and alleys. It is urged that no land owner in the town is assessed for the construction of the ditch; that the streets and alleys of the town are from twenty to thirty-five feet above the present Howell Ditch at the point where the Thompson Tile Ditch which drains these streets and alleys enters the open ditch; that the Thompson Ditch was established as a public ditch, and that the town has a legal right to drain its streets and alleys through it into the present outlet, and that the town is benefited not one penny.

If the town is benefited in the drainage of its streets and alleys, it is immaterial that no private owner in the town was assessed. It appears that the structures which furnish drainage for the town empty into the present open ditch; that this ditch is not sufficient to carry away all of the waters that come to it, and that it over-flows below the point where the drains from the town empty into it, inundating and damaging adjacent farm lands. The town may not collect the waters off its streets and alleys into an artificial drain and discharge them into an outlet which is insufficient to carry off such waters and the other waters flowing into it, and which, as a consequence, over-flows and injures the

lands below, without being liable to be assessed as for benefits for the construction of such an improvement as will permit the escape of the water without injury to the land owners below. *Lipes et al.* v. *Hand et al.* (1885), 104 Ind. 503, 1 N. E. 871, 4 N. E. 160; *City of Crawfordsville* v. *Bond* (1884), 96 Ind. 236; *Culbertson et al.* v. *Knight et al.* (1898), 152 Ind. 121, 52 N. E. 700.

The amount of the assessment and the manner in which it was arrived at are not questioned in the briefs. No other questions are presented.

We find no error in the record.

Judgment affirmed.