OPINION of the Court, by
Ch. J. Bibb.
-In ejectment by the lessee of Dougherty the declaration had been served upon many tenants in possession and Estill was admitted to defend in the room of the casual ejector, who thereupon entered into the common rule, and pleaded not guilty. After two vacations, Foreman applied to be admitted a codefendant, to which the plaintiff objected for want of privity, between the tenants in possession and Foreman. The applicant to support his claim to be admitted, referred to a judgment by default, rendered at the same term on behalf of his lessee against the casual ejector, “ the tenants in possession, or some of them,” being the same named in each ejectment ; he also produced his evidences of title, upon which his title in that ejectment was founded. The court having overruled the objection, the plaintiff excepted; and Foreman was accordingly admitted. At a subsequent term, Kercheval was admitted to defend in *129 place of Foreman, who had sold his interest tó Kerche-Val pending the suit, to which the plaintiff also excepted*
A mere ftran-ger to the possession &all not be admitted.
One who has judgment m e-jectment but hath not had execution and delivery of pos-sefsion, cannot be admitted.
New trials la eje&ment may be granted to either party.
New trial to plaintiff, be* cause verdict against evidence.
On the trial the jury found for the defendants, upon which the plaintiff moved for a new trial, which the court refused, because the verdict and judgment was no bar to another ejectment, the possession would not be changed, and no extraordinary injury arise.
The plaintiff excepted to this opinion ; stated the evidence produced by him on the trial, and that the defendants produced none ; which bill was sealed and enrolled, and thereupon judgment was rendered according to the verdict for the defendants, from which the plaintiff appealed.
To decide upon the objection against admitting the co-defendants, it is proper to advert to the nature of ejectment and what is to be demanded and recovered in that action. It is a possessory action. The right of possession is to be tried, not the ultimate right to the land itself. Therefore if a plaintiff hath not*the right of possession, although he may have jus proprietatis, or right of property, the ejectment is notan appropriate remedy. The ejectment therefore asserts the right of possession in the plaintiff and seeks to be put into the actual possession. Hence arises the general rule that no person ought to be admitted to defend, unless he be tenant, and is or hath been in possession, or receives the rent: that is to say, he must have the possession either actually or constructively. For it would be vain to demand possession of him who hath it not. In cases of vacant premises, no person claiming title will be permitted to defend an ejectment; but he who can first seal a lease upon the premises, will be let into the possession and must obtain it — (Bul. N. P. p. 95.) The person claiming to be let in to defend must shew that his title is connected to, and consistent with, the possession of the occupier ; and consequently that his title would be divested or disturbed by any claim adverse to such possession. A mere stranger to the possession shall not be admitted to defend, for it is an act of champerty for a mere stranger to interpose to cover the possession with his title. In the case where one claiming as heir to the person who was last landlord de facto, had brought his ejectment, and the person claiming to be landlord de jure, by escheat, sought to be let in to defend, the *130 question was greatly debated whether he could be let ⅛ although it was evident that the claim by escheat, was not inconsistent with the possession of the tenant. It was however finally determined, that the cause should be retained until the person claiming by escheat, should bring his action, and try his title, against the person claiming as heir, (3 Burr. 1290, Fairclaim, on the demise of Fowler, vs. Shamtitle.') In that case, it is to be remarked, that if the claimant by escheat was the landlord de jure, then the possession of the tenants, holding under the last landlord de facto, was, in construction of law, the possession of the person entitled by escheat, and he had right to it, and yet the court would not permit him to defend, but only retained the cause until the question was tried, (in another action between the said claimant and the lessor of the plaintiff,) who was the landlord de jure, that is to say, whether the estate had descended or escheated. It would be highly inconvenient to permit a person to defend whose title was, not connected with the possession of the occupant; their de-fences might clash ; whereas if there is a privity between them, their defence must be in unison. The record of ajudgment by default, referred to by Foreman, did not shew that he was possessed, but that he was out of possession ; nor could he be in possession by virtue of that judgment, until the execution of the writ of habere fa-cias possessionem: besides, the tenants in possession might have come in at that term and have defended, for it is admitted by the bill of exceptions, that the judgment was irregularly confirmed by taking the cause out of order. Moreover the ejectment refered to, if it could prove any thing between the parties in this cause, would tend to shew that the claim of Foreman was inconsistent with the possession of the -tenants. The court therefore erred in overruling the objection, and in letting in Foreman as a codefendant, As Kercheval was let in to defend in place of Foreman, and in consequence of a purchase from hrm pendente lite, the court equally erred in admitting Kercheval in place of Foreman.
The reasons assigned for refusing a new trial, are not sufficient. The evidence offered by the plaintiff was clear and satisfactory; the defendants offered no evidence. Under such circumstances, that it was a case of ejectment, could be no reason for refusing anew trial. Lord *131 Mansfield declares, in Goodtitle, on the demise of Alexunder and others, against Clayton and others, (4 Burr. 2224) that “ the objection against granting a new trial, because a new ejectment may be brought, has been overruled again and again.” That case, it is true, was upon a motion by the defendant; but his expression relates to new trials in ejectment generally, and not to that particular case. Concurring verdicts in several actions make a foundation for an application to the chancellor to quiet possession..- But ought a court to suffer a verdict so palpably contrary to evidence, to stand as commencing the edifice of an equitable decree ? In the case last cited, there was conflicting evidence, as reported by the judge who tried the cause, but the court, being clear that the weight of evidence was against the verdict, granted anew trial. But here there was no evidence at all for the finding of the jury.
It is therefore considered by the court, that the said judgment be reversed, the cause remanded to the said circuit court, for new proceedings to be had therein, and that the said Foreman and Kercheval be stricken out from the defence, and taxed with the costs occasioned by the said orders admitting them to defend.