## Doe, on the Demise of Wood, *v.* West.

It is not a prerequisite to a recovery in ejectment, that the plaintiff should trace his lessor's title back to the government: the legal right of possession is the subject of controversy in this action, not the ultimate title to the land.

In ejectment, not barred by the statute of limitations, a prior peaceable possession under a claim of right, will prevail against a mere intruder.

The defendant may show that the title of the plaintiff's lessor has expired.

ERROR to the *Harrison* Circuit Court.

Scott, J.—In this case there was a judgment for the defen-

dant in ejectment. We are informed by the record that, on the trial of the cause, the plaintiff produced no patent from the government to *Heth*, from whom he derived his title; but a deed of conveyance was produced from *Heth* and wife to *Ogden*, in which deed it was mentioned that *Heth* held the premises by patent from the president of the United States of *America*. Conveyances were also produced from *Ogden* and wife to *Baird*, and from *Baird* and wife to *Wood*, the plaintiff's lessor. The plaintiff also proved that *Baird* was in peaceable possession of the premises previously to the possession of the defendant. No evidence was offered on the part of the defendant, nor was any objection made to the validity of the deeds produced by the plaintiff. On motion of defendant's counsel, the Court instructed the jury that, in order to recover, the plaintiff must trace his title back to the government; and, having no evidence before them that the premises in controversy were held by *Heth* by patent from the president of the United States, they were bound to find a verdict for the defendant.

It is often necessary for the plaintiff to show a right of property in order to establish a right of possession. In some instances he must show an estate in fee; in others a less estate is sufficient. But it is in all cases indispensable, that the plaintiff show a clear legal right of possession in his lessor (1). And whatever title he has, must be derived from a legitimate source. A mere conveyance from *A.* to *B.* is no evidence of title, unless it appears that *A.* had a subsisting right. Whatever kind of title the plaintiff may show, or from whatever source it may be derived, the right of possession is the object to which the eye of the law is uniformly directed; and to that object the evidence should always apply. Ejectment is a possessory action. The subject of controversy is not the ultimate title to the land itself, but the legal right of possession. 1 Burr. 119.—5 Burr. 2830.—3 Dall. 457.—1 Bibb 129.—2 Bibb 150.—Runn. 42. The right of property may be in one person, the right of possession in another, and the actual possession in a third. 2 Bl. Comm. 202. The plaintiff in ejectment asserts a legal right of possession in his lessor. It is immaterial how minute his interest is, provided it be a legal interest. Runn. 1.—3 Dall. 455. The first and lowest grade of interest in real estate is actual occupancy, which, in a lapse of time, may ripen into a perfect and indefeasible title. 2 Bl. Comm. 198. So far as it goes, howev-

er, it is a legal interest, and gives a right against every man who cannot show a better title. Runn. 15. In *England,* and in some of our sister states, it has been decided that 20 years' peaceable possession gives a right which is sufficient to maintain ejectment. 2 Bac. Abr. 423.—1 Burr. 119.—2 Bibb, 150. In those decisions, the precise time of 20 years has reference to a statute of limitations; and the decisions are predicated on the supposition of some pre-existing right of possession which is lost by the continuance of an adverse possession for such a length of time. We have no operative statute of limitations (2); and if such a statute existed, it could have no bearing on the first occupant. The title here set up is a prior peaceable possession, and actual occupancy derived from *Heth,* who claims to hold under the government. The defendant might protect himself by showing title in himself, or that the plaintiff's title had expired (3). In this case no title was proved, or even alleged, in the defendant; no attempt made to prove an adverse possession, or to show that the plaintiff's interest had ceased. *Heth* claims to hold by patent from the United States. He conveys to *Ogden.* *Ogden* conveys to *Baird.* We find *Baird* in peaceable possession. These facts, uncontradicted, are sufficient to justify the presumption, that the possession accompanied the conveyances from *Heth* down to *Baird,* and that *Heth* was the first occupant. This is presuming no more for the plaintiff than is authorized by precedents. 2 Cowp. 597.—7 T. R. 2.—1 H. Bl. 447.—Esp. N. P. 459. In such cases, the plaintiff need not show 20 years' possession. The length of time is not material. Eight or ten years in one case, and three years in another, were decided to be sufficient to entitle the plaintiff to recover. 4 Johns. R. 202. —2 Johns. R. 22. The possession is prima facie evidence of the right of property. It is a fact from which, in the absence of all other testimony, the jury had a right to presume a perfect title, and is in itself a good title against all the world except him who can show a better title. In the case before us, the plaintiff, and those under whom he claims, had peaceable and undisturbed possession, and actual occupancy of the premises, under a claim of title from the government. No person, without a paramount claim, has a right to disturb his possession, or question his title. If the defendant holds under *Baird,* he has no right to say that *Baird* had no title. If he rests on his possession alone, and has no colour of title, he must yield to the plaintiff's right,

acquired by prior possession: he must be considered merely as an intruder; and against such, a prior peaceable possession is a good legal title. 2 Johns. R. 22.—4 Johns. R. 202. From these considerations, we are of opinion that the Circuit Court erred in instructing the jury, that the plaintiff must show a patent from the government to *Heth*.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded for further proceedings.

*Nelson*, for the plaintiff.

*Moore*, for the defendant.

(1) *Smith* v. *Allen*, ante, p. 22, and note 1.—*Jared* v. *Goodtitle*, ante, p. 29.

(2) A statute of limitations was enacted in 1820, but it had not taken effect when this case occurred. The law here now is, that an adverse possession of 20 years bars the action; except as to infants, femes covert, persons non compos mentis or beyond seas, who have five years further after the disability is removed. Stat. 1823, p. 166. Vide Eng. stat. 21 Jac. 1. Adams on Ejectment, 46.

(3) So if the defendant can prove the real title to be in a third person, he bars the suit, without showing that he holds with the consent or under the authority of the owner. Bull. N. P. 110.—Runn. 343.—Adams, 29.—1 Cruise R. P. 504. In a note to *Robinson* v. *Campbell*, 3 Wheat. 224, the reporter attempts to show that this rule is not supported by authority, and has collected a variety of authorities on the subject. The question, however, lately occurred in the Supreme Court U. S., when the following opinion was given:—On the implied proposition, that the better title might be set up as a shield against the plaintiff's recovery in ejectment, even though the defendant does not show that better title in himself, we will limit ourselves to the following remarks: The rule of law, that a plaintiff must recover by the strength of his own title, and not the weakness of his adversary's, must be limited and explained by the nature of each case as it arises. Since the rule is universal, that a plaintiff in ejectment must show the right to possession to be in himself positively, and it is immaterial as to his right of recovery, whether it be out of the tenant or not, if it be not in himself, it follows that a tenant is always at liberty to prove the title out of the plaintiff, although he does not prove it to exist in himself. Possible difficulties may be suggested as to the application of this principle to mere tort-feasors or forcible disseisors; but besides that such cases, being generally provided for under statutes of forcible entry, must be of rare occurrence, it is time enough when they occur, to consider what exceptions they present to the general principle. *Love* v. *Simms*, 9 Wheat. 515, 523, 524.