*G. M. Overstreet* and *A. B. Hunter*, for appellant.

*S. C. Oyler*, for appellee.

Nov. Term, 1860.

EVANS
v.
THE BOARD
OF TRUSTEES
OF THE WA-
BASH AND
ERIE CANAL.

Wednesday,
December 12.

---

EVANS and Others *v.* THE BOARD OF TRUSTEES OF THE
WABASH AND ERIE CANAL.

In a suit by the appellee for a trespass upon certain wild and unoccupied lands, alleged to belong to the trustees, the only evidence of title introduced was a duly authenticated list of the lands selected by the State of *Indiana* for the completion of the *Wabash and Erie Canal*, embracing the lands trespassed upon.

Nov. Term, 1860.

*Held,* that this evidence was *prima facie* sufficient to establish title in the trustees.

EVANS
v.
THE BOARD
OF TRUSTEES
OF THE WA-
BASH AND
ERIE CANAL.

*Wednesday,*
*December* 12.

APPEAL from the *Martin* Circuit Court.

HANNA, J.—The appellee sued the appellants for a trespass upon lands, and removing timber therefrom, alleged to belong to the said appellee.

The defendants answered: 1. A denial. 2. A license; which second paragraph was denied.

By the rulings of the Court, upon instructions given and refused, and upon the motion for a new trial, the question is presented upon the sufficiency of the evidence to sustain the verdict.

It is insisted that the plaintiff did not show title to the land. It is admitted to be wild land, unoccupied. The evidence of title introduced, was a "duly authenticated list of the lands selected by the State of *Indiana* for the completion of the *Wabash and Erie Canal*, containing said several tracts of land, as having been thus selected."

Do the statutes of 1846 and 1847, upon the subject of the arrangement of the State debt, vest the title to these canal lands in the trustees of the canal; and, if not, does subsequent legislation show that in pursuance of said statutes the title has been so vested? If either of these questions is answered in the affirmative, the next question is, whether such evidence of title, although it might be valid as between the State and her bond holders, could be given against the defendant in this trial. The acts of 1846 and 1847 are not of themselves evidence that the title which the State held, in lands granted by the general government, had been transferred to these trustees. Those acts authorized the Governor to make such transfer, if certain conditions precedent were performed, for purposes therein indicated. The statutes named contain no evidence that such precedent acts were performed by those for whose supposed benefit the canal, &c., were to be transferred to trustees. Subsequent legislation has, repeatedly, been of such a character as to recognize such transfer as having theretofore taken place; though not directly approved, or in any other manner noticed. But assuming that such is the

fact, are the courts bound to take notice of it, so as to conclude the rights of litigants?

We are of opinion that there is no error in the case, of which the defendants below can complain. *Prima facie*, there was a case made against them.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*John Baker*, for appellants.