No. 7932.

BRANDENBURG ET AL. *v.* SEIGFRIED ET AL.

REAL ESTATE.—*Action to Recover.*—*Title.*—One seeking to recover possession of real estate must recover upon the strength of his own title.

SAME.—*What Constitutes Good Title.*—The title to real estate, in order to be good, must be traceable to the United States, or to a grantor in possession under claim of title.

SAME.—*Failure of Proof.*—On trial of an action for possession of real estate, by the widow and other heirs of B., who died intestate, an entire failure of proof, that M., from whom B.'s title is claimed to have come, entered the land, had possession, or that his grantee, S., had possession, and of the contents, tenor, delivery and continued possession of the deed of S. to B., or to B. and wife jointly, and a conflict of evidence as to its execution, justified a finding for the defendants.

SAME.—*Deed of Wife.*—*Coverture.*—*Estoppel.*—In such case, the defendants, having accepted a deed from the wife alone, and having put it in evidence, were not thereby estopped from disputing her title.

From the Clinton Circuit Court.

*J. N. Sims,* for appellants.

*L. McClurg, J. V. Kent, S. H. Doyal* and *P. W. Gard,* for appellees.

Woods, J.—The only question presented for decision is whether the finding and judgment of the circuit court are in accordance with the law and the evidence. The action was to recover the possession of real estate, the plaintiffs claiming as owners in fee simple. The finding and judgment were for the defendants.

The rule is familiar that, if entitled to recover at all in such a case, the plaintiffs must recover on the strength of their own title. Under this rule the finding of the court upon the evidence adduced was manifestly right.

The title to real estate, in order to be good, must be traceable to the United States or to a grantor in possession under claim of title. *Doe* v. *West,* 1 Blackf. 134; *Pierson* v. *Doe,* 2 Ind. 123; *Huddleston* v. *Ingels,* 47 Ind. 498; *Steeple* v. *Downing,* 60 Ind. 478.

Counsel for the appellants says that the theory of the plaintiffs' case is, that Andrew Metzger entered, in the proper land-office, the land in dispute; that his patent, if ever issued, was not recorded in the recorder's office of Clinton county; that Metzger immediately assumed undisputed ownership and control of the land, and afterwards conveyed by warranty deed to Daniel Shively, who, on the 30th day of August, 1842, conveyed to Abraham Brandenburg, Sr., or to him and his wife Mary F. jointly, which deed, it is claimed, is lost, and that the plaintiffs, besides said Mary F., who is the widow, are the heirs of said Abraham, who died intestate.

There is an entire failure of proof that said Metzger entered, or ever had possession of, the land. It is shown that on the 29th day of May, 1839, he made a deed for the

land to Daniel Shively, of Montgomery county, Ohio, but there is no evidence that said Shively ever took or held possession. There is perhaps a preponderance of evidence that Shively made a deed or conveyance of some kind for the land to said Brandenburg, or to him and his wife jointly; but whether to him, or to him and her, is uncertain. Of the contents and tenor of the instrument, and of the estate which it purported to convey, there is no evidence; and, indeed, there is a conflict of evidence, whether the alleged deed was made at all. The plaintiff Mary F. Brandenburg, and other witnesses, testified to the existence of the deed, but she alone gave evidence concerning its custody, saying that it was kept in the possession of herself and husband, in a bureau, until a certain time, when it went into the hands of her son Abraham Brandenburg, Jr., who had never returned it; but the son swore that he never received, saw or knew of such a deed, and did not believe it had been made. It is plain upon this state of proof, that we can not disturb the finding of the court below upon the question of title.

The defendants, however, put in evidence a deed for the land, made on the 24th day of November, 1859, by said Mary F. Brandenburg to the defendant Seigfried. At the time of making said deed, said Mary was a married woman, and her husband did not join in making the deed. The deed recites a consideration of $1,000, paid by the grantee to the grantor. The other defendants, besides said Seigfried, claim under him. Upon these facts, the counsel for the appellants say: "We insist that, by introducing the deed of Mary F. Brandenburg to Seigfried, the defendants staked their defence on its sufficiency, and waived all other defences."

If the proof had shown said Mary in possession, claiming the land as her own when she made that deed, and, that the defendants obtained possession under and by virtue of it, there would be strong support for the proposition. By rea-

son of her coverture, the grantor would neither be bound by her deed nor estopped by her acts in receiving the purchase-money and delivering the possession; and so the grantees would be left in the position of intruders upon her prior possession and consequent superior right. *Behler* v. *Weyburn*, 59 Ind. 143; *Williams* v. *Wilbur*, 67 Ind. 42. But, however this may be, it is clear, upon the facts stated, that the defendants are not estopped from disputing the title of said Mary on account of having accepted her deed, and having put it in evidence. For aught that appears, they may have long held and claimed the property as their own, and may have accepted her deed solely for the purpose of putting at rest an adverse claim, and, this being so, no estoppel could arise out of the transaction.

The judgment is affirmed, with costs.