Filed Sept. 18, 1886.

---

No. 12,157.

### The City of Lafayette v. Wortman.

City.—*Streets and Alleys.*—*Change of Established Grade.*—*Failure to Assess and Tender Damages.*—*Recovery from City.*—Under section 3073, R. S. 1881, a city can not change the grade of a street or alley, which has once been regularly established, without first having the damages which will result to adjacent property-owners assessed and tendered, and where it fails to do this, an action may be maintained against it for the damages.

Evidence.—*Title to Real Estate.*—*Deed.*—Where title by deed is relied on, a chain of title must be traced back to the ultimate source of title or to a grantor in possession under a claim of title at the time he executed his deed.

Same.—*Idem Sonans.*—*Presumption.*—The names *Wortman* and *Workman* are not *idem sonans,* and the court will not assume, in the absence of proof, that they refer to the same person.

Pleading.—*General Denial.*—*Evidence.*—An answer in general denial puts the plaintiff to proof of all the material allegations of his complaint.

From the Tippecanoe Superior Court.

*W. C. L. Taylor,* for appellant.

*W. H. Bryan* and *W. R. Wood,* for appellee.

Niblack, J.—Action by Daniel P. Wortman against the city of Lafayette, for injury to an alley in which he claimed to have an interest.

The complaint charged that at the time of the injuries com-

plained of, the plaintiff was, as he still is, the owner in fee simple of lot No. 102, in Perrin's addition to the city of Lafayette ; that at the time he became the owner of said lot, there was, and afterwards continued to be, an alley along the northern boundary thereof which had been regularly laid out and dedicated to public use, and which was used by the plaintiff and other adjoining lot-owners as a passage way for vehicles to and from the rear of their respective lots abutting upon said alley, up to the time of committing the injuries herein sued for; that the alley extended from Earl avenue to Thompson avenue within the city limits; that after the dedication of the alley to public use, the common council of the city established the grade thereof in the manner following, viz.: "Beginning at the grade of Earl avenue and running down to Thompson avenue, in the shape of a depressed curve ;" that afterwards the appellant, under a set of negligent, unskilful, unmechanical plans and specifications, improved the said alley in the following unskilful, negligent and unworkmanlike manner, viz., by changing the established grade, and by commencing said improvement at a point six feet, more or less, below the established grade, by constructing an open gutter the entire width of said alley, and throughout the entire length thereof upon the grade so changed under the said negligent, unskilful and unmechanical plans and specifications, the said negligent and unskilful improvement beginning at a point where the said alley intersects Earl avenue at the northeast corner of said lot, six feet, more or less, below the established grade of the avenue, and six feet, more or less, below the established grade of the alley, the base line of said improvement being one foot, more or less, below the base line of a brick sewer emptying into the alley at the northeast corner of said lot, and at the west line of Earl avenue, running thence west along the line of said lot with a fall of thirteen inches, more or less, to every ten feet of improvement; that the defendant, through its officers and agents, under the aforesaid unskilful plans and specifications, constructed, and caused to be con-

structed, a large wooden trough, or water-box, two feet and four inches wide, one foot and ten inches deep, and thirty feet long; and, as part of the aforesaid mentioned improvement of said alley, the said trough, or water-box, through the negligence and unskilfulness of defendant, its officers and agents, has been placed in the said open gutter running along the line of said alley, with one end abutting said brick sewer aforementioned, situate under said Earl avenue and opening out at the northwest corner of plaintiff's property; said box running along the base line of said open gutter six feet, more or less, below the established grade of said alley, and along the line of said lot throughout its entire length; that by reason of said defendant's unskilful and unmechanical plans and specifications for the improvement of said alley in the manner aforesaid, and by further reason of the negligent, unskilful and unworkmanlike manner in the execution of said improvement in the manner aforesaid, ingress and egress once enjoyed by the plaintiff is rendered impossible, and that this alley furnishes the only passage way by which the rear of his said lot could be reached by vehicles in ordinary travel and traffic; that defendant has ever since wrongfully permitted said negligent, unskilful improvement to remain; that before the construction of the negligent and unskilful improvement said property was very valuable, worth at least $800, and by reason of said wrongful and unskilful improvement, the property has been rendered absolutely worthless; that the appellant never gave, or caused to be given, to plaintiff any notice that said improvement was to be made, and that said defendant has never made, or caused to be made, any assessment of damages for the wrongful, negligent and unskilful improvement to appellee; that by reason of said improvement so constructed, and so permitted to remain, the use of said alley way is destroyed and said lot made worthless.

A demurrer to the complaint was filed and overruled, after which there was a verdict and judgment for the plaintiff.

Counsel for the city, the appellant here, makes the point

that upon the facts stated the appellee might have enjoined the common council from proceeding with the change of grade, and the improvements complained of, until his damages were assessed and paid, but that having waived his right to so enjoin the common council, his only remaining remedy is a resort to the writ of mandamus to compel the city to have his damages assessed under the statute having relation to the government of cities, citing the cases of *Trustees, etc.,* v. *Mayor, etc.,* 33 N. J. Law R. 13, and *Macy* v. *City of Indianapolis,* 17 Ind. 267, and that consequently the demurrer to the complaint ought to have been sustained.

In response to the point thus made, it is argued that the complaint was in form, as well as in legal effect, only a demand for consequential damages resulting from the negligent, unskilful and unmechanical manner in which the improvements in question were made, citing the cases of *City of Logansport* v. *Wright,* 25 Ind. 512, *City of Indianapolis* v. *Huffer,* 30 Ind. 235, *Weis* v. *City of Madison,* 75 Ind. 241 (39 Am. R. 135), *City of Evansville* v. *Decker,* 84 Ind. 325 (43 Am. R. 86), *Town of Princeton* v. *Gieske,* 93 Ind. 102; *City of Crawfordsville* v. *Bond,* 96 Ind. 236, and other cases bearing on the same general question of the liability of cities for damages caused by negligent and unskilful street improvements.

The non-liability of cities for injuries and inconveniences to the owners of property as a consequence of improvements made upon, and changes in the grade of, their streets and alleys, when the law providing for such improvements and changes has been fairly complied with, continues to be substantially as it was when the case of *Macy* v. *City of Indianapolis, supra,* was decided, but since that time a clause has been attached to one of the sections of the statute defining the power and duties of cities, in the following words: "*Provided,* That when the city authorities have once established the grade of any street or alley in the city, such grade shall not be changed until the damages occasioned by such change shall have been assessed and tendered to the parties injured

or affected by such change, and such damages shall be collected by the city from the party or parties asking such change of grade in the manner provided for the collection of street improvements." R. S. 1881, section 3073. The cities of the State consequently have not now, and since the enactment of this provision have not had, the lawful right to change the grade of a street or alley which has once been regularly established, without first having the damages which will result to adjacent property-holders assessed and tendered. *City of Logansport* v. *Pollard*, 50 Ind. 151; *City of Kokomo* v. *Mahan*, 100 Ind. 242; *Mattingly* v. *City of Plymouth*, 100 Ind. 545.

It follows that the change of the established grade of a street or alley by a city, without first having the prospective damages assessed and tendered, has become an unlawful act—an affirmative wrong, or misfeasance—for which damages may be recovered by any party whose property may thereby be injured.

There is some redundancy, as well as uncertainty, in the averments of the complaint in this cause as it comes to us in the record, and, in consequence, we find some difficulty in putting a satisfactory construction upon it; but giving effect to what impresses us as constituting its controlling averments, we regard the *gravamen* of the complaint to be a charge that the appellant changed the established grade of the alley therein described, to the injury of the appellee's lot, without first causing the damages likely to accrue to be assessed and tendered. Conceding the established grade of the alley to have been so changed, whether the change was skilfully or unskilfully made, became a subordinate question, since the only remaining inquiry was as to the nature and extent of the injury thereby inflicted. In this view, therefore, we are carried to the conclusion that the complaint was sufficient upon demurrer.

At the trial a deed from James J. Perrin and wife, bearing date on the 4th day of March, 1881, and purporting to

convey the lot described in the complaint to the appellee, was read in evidence, but there was no evidence tending to prove that Perrin was in possession of the lot at the time the deed was executed, or that the appellee ever took possession under the deed, or was ever in the possession of the lot. This was a palpable failure of proof of title in the appellee to the lot in question.

Where title by deed is relied upon, a chain of title must be traced back to the ultimate source of title, or to a grantor in possession under a claim of title at the time he executed his deed. *Broker* v. *Scobey*, 56 Ind. 588 ; *Steeple* v. *Downing*, 60 Ind. 478 ; *Brandenburg* v. *Seigfried*, 75 Ind. 568 ; *Start* v. *Clegg*, 83 Ind. 78.

But it is insisted that the question of the appellee's title was neither the principal nor controlling question at the trial, and that hence the appellee's title was not in issue, and no formal proof of his title was required.

The appellant answered in general denial, and that put the appellee upon proof of all the material allegations of his complaint. The allegation of ownership of the lot described was a very material allegation, since no one but the owner of property, or one having some interest in it, is entitled to maintain an action for an injury to it. In that respect, an action of the class to which this belongs is analogous to, and governed by, the same general principles as an ordinary action of trespass. In order to maintain an action of trespass, the plaintiff must prove possession, either actual or constructive, or possession of a part under a deed to the whole; or if the land is unoccupied, that he has the title. 2 Greenleaf Ev., section 613 ; 6 Wait Actions and Def. 64 ; *Evans* v. *Board of Trustees*, 15 Ind. 319 ; *Broker* v. *Scobey*, *supra ;* *Bristol Hydraulic Co.* v. *Boyer*, 67 Ind. 236.

It came out in evidence, introduced upon another branch of the case, that the city engineer, in making a final estimate in favor of the contractors who did the work on the alley, which the appellee charged to have been done injuri-

ously to his interests, assessed the sum of $165.81 of the gross amount against *Daniel Workman* as the owner of lot No. 102, in Perrin's addition to the city of Lafayette, and it is claimed in argument that this assessment operated as an admission by the appellant that the appellee was the owner of the lot therein described, and dispensed with further proof of title in him. There was, however, no evidence tending to show that in the use of the name *Daniel Workman* the city engineer referred to, or intended to designate, the appellee. As the names *Wortman* and *Workman* are not of the same sound, and are in fact different names, we would not be justified in assuming that the assessment made as above by the city engineer was an assessment against the appellee as the owner of the lot therein described. We are, consequently, not required to decide whether, if the assessment had been plainly against the appellee as the owner of the lot, it would have operated as an admission of title in him as against the appellant.

For the reasons given the verdict was not sustained by sufficient evidence, and hence a new trial ought to have been ordered.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

