Filed March 30, 1893.

---

No. 823.

## Stein *v.* City of Lafayette.

STREETS AND ALLEYS.—*Manner of Improvement.*—*Discretionary with Common Council.*—*Nuisance when not Abatable.*—*Damages, How Recovered.*—The authority of the common council of a city, as to the manner of improving streets and alleys, being an agency of the State in the exercise of legislative power, can not be controlled by the courts, and where the improvement is such that it cuts off ingress and egress to and from property, the nuisance is one which can not be abated, and there can only be one recovery for damages present and prospective, and that by the owner of the property when the injury occurred.

MUNICIPAL CORPORATION.—*Improvement of Streets and Alleys.*—*Consequential Damages.*—*When Liable for and When Not.*—A municipal corporation is not liable for consequential injuries resulting from the improvement of a public street or alley in a careful and skillful manner, but it is liable for negligence, either in devising the plans for such improvement, or in

executing the same; and it is also liable for consequential damages resulting from a change of an established grade, whether it be guilty of negligence or not.

SAME.—*Surface Water Flowing from Streets.—When not Liable for.—Improvements out of Repair.—Ensuing Damages.*—An incorporated town is not liable for injury resulting from the surface water thrown from its streets as the result of a proper and skillful improvement, but if it negligently permit any of its public improvements to become out of repair, it is liable for damages ensuing therefrom.

From the Tippecanoe Superior Court.

*J. Park*, for appellant.

*J. F. McHugh*, for appellee.

LOTZ, J.—The appellant sued the appellee to recover damages for an injury alleged to have been done to his real estate by the wrongful and negligent acts of the city in improving a certain alley. He stated his cause of action in two paragraphs of amended complaint. A demurrer was sustained to each. These rulings of the lower court are the only errors assigned in this court.

The material facts stated in the first paragraph are, that in 1885, appellant became the owner in fee of lots 103 and 104, in Perrins' addition to the city of Lafayette; that along the south line of said lots is a public alley, extending from Earl avenue on the east, to Thompson street on the west, all within the corporate limits of said city; that on the 15th day of December, 1879, the grade of said alley was established by said city; that in the year 1881, the city in improving said alley changed the grade previously established, by lowering the surface thereof five feet throughout its entire length, and by constructing an open gutter throughout the center thereof; that the change in the grade caused said alley to be five feet below the grade of Earl avenue, thereby preventing any ingress or egress to and from said avenue into said alley, and rendering it impossible to reach the rear part of plaintiff's lots by ordinary vehicles, travel, and traffic, and that said travel and

traffic and said alley have been obstructed ever since the said grade was changed.

The second paragraph is the same as the first, with the additional allegations, that the city caused a culvert to be constructed through and under Earl avenue at the east end of said alley, thirty inches in diameter, and also constructed a large wooden trough twenty-eight inches wide by twenty-two inches deep, and placed the same at the west end of the culvert, under Earl avenue, and at the east end of said alley, and six feet below the established grade of said alley; that these changes and obstructions destroyed all access to the rear end of plaintiff's lots by ordinary travel, and that " large quantities of water have been caused to overflow and wash away the end on the rear part of plaintiff's property."

The gravamen of the first paragraph, as we construe it, is the obstruction of the ingress and egress to and from the lots, by lowering the grade of the alley and constructing a gutter throughout the center thereof.

The gravamen of the second paragraph is the obstruction of the ingress and egress, and the overflowing and washing away of the end of the lots, by lowering the grade of the alley, and by constructing a culvert at the east end and the gutter through the center thereof.

The cause of these injuries came into existence at the time the alley was improved, 1881. A municipal corporation is not liable for the consequential injuries resulting from the improvement of a public street or alley in a careful and skillful manner, but it is liable for neglience, either in devising the plans for such improvement, or in executing the same. When the grade of a street or alley has once been established by the municipality, it is liable for consequential damages in making a change, whether it be guilty of negligence or not. R. S. 1881, section 3073. It is liable if it collect water into a channel and pour it upon, or wash away, the lands of another; but it is not

liable for surface water thrown from its streets, as the result of their skillful and proper improvement. It is liable if it negligently and knowingly permits any public improvement to become out of repair, for the damages ensuing. These propositions are so well settled in this State that we deem it unnecessary to cite authorities in support of them. Each paragraph of the complaint shows, by sufficient averments, that the defendant was negligent in devising the plans for the improvement of the alley, and negligent in executing them, and that the grade was changed without authority of law. We think each paragraph states a case of negligence against the city, and, if sufficient in other respects, the demurrers should have been overruled. *City of Lafayette* v. *Wortman,* 107 Ind. 404; *City of Lafayette* v. *Nagle,* 113 Ind. 425. Appellee, however, contends that the injury, if any, arose when the alley was improved in 1881, and as the plaintiff did not become the owner until 1885, that no cause of action accrued to him.

In support of his complaint, appellant insists, that it devolves upon a city to keep its streets and alleys free from obstruction; that when it creates or continues a nuisance it is liable for resulting damages, and that the liability continues so long as the nuisance remains; that the obstruction of the alley at Earl avenue, and overflowing and washing away his lots with water, constitute a continuing public nuisance by which he has suffered special damage.

The controversy here presented is not free from difficulty.

A city has exclusive power over the streets, highways, and alleys within the corporate limits. Section 3161, R. S. 1881. In making improvements or repairs to a street, the city is the agent of the State, and in the exercise of governmental power. This, however, when duly exercised, can not be controlled by the courts.

The improvement of streets and alleys by a municipality

is a lawful act, and if unavoidable injury ensue no liability results. That which the law authorizes is not a nuisance so as to give a right of action. *Transportation Co.* v. *Chicago*, 99 U. S. 635; *Chicago, etc., R. R. Co.* v. *Loeb*, 118 Ill. 203, 59 Am. Rep. 341. But the negligent and unskillful action on the part of the municipality is a nuisance, and when private property is injured, the city must respond in damages.

Our statute, in defining special causes of action, says:

"Whatever is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as assentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and subject to an action." Section 289, R. S. 1881. "Such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance." Section 290, R. S. 1881.

"Where a proper case is made, the nuisance may be enjoined or abated, and damages recovered therefor." Section 291, R. S. 1881.

A municipal corporation is liable for erecting and maintaining a nuisance, the same as a natural person. *Haag* v. *Board, etc.*, 60 Ind. 511.

It appears very clearly that the thing which causes the injury to the plaintiff's property, if done negligently and unskillfully, constitutes a nuisance within the statutory definition, and a remedy is expressly given therefor. Underlying this, however, is another question. It is fundamental that in every legal action two things must exist, the injury and the damages.

As was well said by Elliott, J., in the case of the *City of North Vernon* v. *Voegler*, 103 Ind. 314 (319):

"In every valid cause of action two elements must be present—the injury and the damages. The one is the legal wrong which is to be redressed, the other is the scale or measure of the recovery. Mayne Dam. 1; 1 Sutherland

Damages, 3.  As there may be damages without an injury, so there may be an injury without damages.  It has been many times said that no action will lie because the injury produced no damages, or, as the law phrase runs, the wrong is *injuria sine damno.*"

The controlling questions here is to determine whether or not the injury and the damages are both present, under the facts alleged in each paragraph of the complaint.

If the only injury shown arose in making the improvement, then the damages accrued to the then owner of the lots.  Such damages were a chose in action that would not pass to the vendee nor descend to the heir.  *Church* v. *Grand Rapids, etc., R R. Co.*, 70 Ind. 161; 1 Redfield on Railways (5th ed.), 392; *Pittsburgh, etc., R. W. Co.* v. *Swinney*, 97 Ind. 586; Williams on Exec. 1650.  Nor was it such an interest as would run with the land.  *Indianapolis, etc., R. W. Co.* v. *Allen*, 100 Ind. 409; *Chicago, etc., R. R. Co.* v. *Loeb, supra.*

If the case made by each paragraph is one for injury and damages resulting from making the improvement only, then the law is settled that all damages, present and prospective, must be assessed in one action, and a second recovery can not be had.  If this be the proper construction of the complaint, the demurrers were correctly sustained, for the plaintiff shows no cause of action in himself.  If the injury be predicated upon a continuing nuisance, then some uncertainty exists, for every continuance of a nuisance makes a fresh one (1 Chitty on Pleading 73, 3 Blackstone's Com. 220), and he who continues a nuisance is liable to successive suits, each continuance being a new nuisance in which there is a fresh injury and a fresh damage.  *Prentiss* v. *Wood*, 132 Mass. 486.

One recovery does not bar subsequent actions where the nuisance is continued.  26 Central L. J. 440.

In an action brought to recover damages for an injury sustained by reason of the erection of a dam, which set the

water back and overflowed the plaintiff's land, it was held that while the plaintiff was barred from recovering damages for the erection of the dam, still he might recover for its continuance. *Staple* v. *Spring,* 10 Mass. 72.

So, where the defendants, as trustees of a turnpike road, erected buttresses on the plaintiff's land to support the road, it was held that they were liable for its continuance there, although they had already been sued, and responded in damages for its erection. *Holmes* v. *Wilson,* 10 Ad. and Ell. 503.

The city of Indianapolis constructed a sewer of capacity wholly insufficient for the purpose designed, and this insufficiency was perfectly obvious. The plaintiff's premises were several times submerged, and his property greatly injured. "The sewer was constructed when the lot was unimproved, after which he (the plaintiff) purchased it and erected a dwelling upon it." It was held that the city was liable to the owner of the lot at the time of its submergence. *City of Indianapolis* v. *Huffer,* 30 Ind. 235.

Many other cases might be cited to the same effect. It is difficult to reconcile the case last cited with *City of North Vernon* v. *Voegler, supra,* and other cases decided by our Supreme Court.

Some authors and some cases make a distinction between actions for negligence and actions for maintaining nuisances, but when the negligent act culminates in the erection and continuance of a nuisance, the distinction fails. Others make a distinction between injuries that are transient and those that are permanent, or of an enduring character; and still others make a distinction between actions in trespass and actions for maintaining nuisances. We think the test turns on the question of abatement. If a thing is a nuisance *per se,* a recovery may be had from time to time until it shall be abated. If the thing that produces the injury may be lawfully continued, then it ceases to be a nuisance, and one recovery must suffice for

all. Measured by these rules, neither of the paragraphs is good.

Courts can not control the discretion or the manner in which the common council improves the streets and alleys of the city. If the manner of improvement in a measure cut off the ingress and egress to and from private property, the owner can not have the improvement changed or abated. He must content himself with his action for damages alone. But the exigency of this case does not require that we shall announce a rule for determining whether one or more actions will lie for maintaining a nuisance affecting private property injuriously. The case made by each paragraph is a permanent injury to the property.

If, as appellant's counsel contend, the injury constitutes a nuisance, it is such an one as can not be abated, and one recovery only can be had therefor, and the chose in action accrued to the preceding owner of the lots. *City of North Vernon* v. *Voegler, supra,* and cases there cited.

Judgment affirmed.

Filed March 30, 1893.

### CONCURRING OPINION.

GAVIN, J.—I concur in the result arrived at in the principal opinion, upon the ground that the gravamen of the complaint is the wrongful change in the grade of the alley, and this being permanent in its character, all damages resulting therefrom, whether present or prospective, accrued to him who was then the owner of the lot. *City of Lafayette* v. *Wortman,* 107 Ind. 404; *City of Lafayette* v. *Nagle,* 113 Ind. 425.

DAVIS, J.—I concur in the result.

Ross, J.—I concur in the views of Gavin, J.

Filed March 30, 1893.