SCHECHTER v. THE DENVER, LAKEWOOD AND GOLDEN
RAILROAD COMPANY.

1. PRACTICE—NONSUIT.
A nonsuit may be ordered by the court *sua sponte.*
2. DAMAGES—EVIDENCE.
Damages for permanent injuries to real estate can be recovered only upon full proof of title in the plaintiff, traced back to its ultimate source.

*Error to the District Court of Arapahoe County.*

PLAINTIFF alleges that he was, from and after January, 1890, the owner of certain improved lots in a suburb of the city of Denver, fronting on what appears to have been a

county road, but locally known as "Fairview avenue," sixty feet in width. The defendant company, in 1891, obtained a permit or right to construct and operate a railroad on the road or street in front of the plaintiff's property; that in constructing it an embankment was raised some five feet in height, upon which the superstructure was laid; that such embankment was of such width at the base as to leave only about thirteen feet of the street between it and the street line of the property. Plaintiff alleged that by such construction his property was greatly damaged, and its value depreciated to the extent of $1,500.

Defendant answered, neither traversing nor admitting plaintiff's title to the property, for want, as averred, of sufficient information; alleging that the territory in question was in May, 1891, incorporated into the town of Colfax, and that in July of that year an ordinance was passed adopting the grade of the railroad bed as the official grade of the street or road in front of plaintiff's property. The other allegations of the complaint were traversed. Plaintiff replied, admitting that the grade was established, but subsequent to the construction of the roadbed.

A trial was had in the county court, resulting in a judgment for the plaintiff for $700; an appeal taken to the district court, where plaintiff obtained leave to amend the complaint, which was done by alleging, in addition to the original complaint, that the operation of the railroad interfered with and obstructed access to and egress from the premises, and that the easement of the plaintiff in the highway was materially injured, and that by the operating of the road, created dust, noise and annoyance, and caused smoke, sparks of fire and cinders to be emitted from the engines, which settled upon the premises to their injury, endangering them from fire, destroying their usefulness, and that by the acts of defendant the property was permanently diminished in value $1,500.

By an order of court, the answer to the original complaint was allowed to stand as answer to the complaint as amended.

A jury was called to try the case.  A warranty deed of the property of plaintiff from his immediate grantor, bearing date January 20, 1890, was put in evidence.  Plaintiff testified to his purchase, occupation and improvements; that he paid $550 for the lots, and the improvements cost about $1,400; also testified to the amount of rent before and after the construction of the road, showing a diminution of over one half; stated the value of the property to have been $2,400 before the road was constructed and operated, and not to exceed $1,000 after; that of the $1,400 diminution of value, about one half was caused by embankment.  Several witnesses were called by the plaintiff, who testified to the diminished value of the property, and attributed it to the construction and operation of the railroad, the amount agreeing practically with the estimate of the plaintiff.  The witnesses whose attention was called to it estimate one half of the damage as caused by the embankment in the street, the other half by the operating of the road.  At the close of plaintiff's evidence, counsel for defense asked the court to instruct the jury to return a verdict for the defendant for the lack of proof.  Thereupon plaintiff's counsel asked leave to withdraw a juror, and submit to nonsuit.  Both requests were denied by the court, who then withdrew the case from the jury and ordered a judgment of nonsuit entered.  This action of the court is assigned for error.

Mr. JOHN W. HELBIG, for plaintiff in error.

Messrs. YEAMAN & GOVE and Mr. CLARENCE WAY, for defendant in error.

REED, P. J., delivered the opinion of the court.

The only important question presented is the granting of the nonsuit by the court.  It is not free from difficulty.  The case is peculiar.  Exhaustive, lengthy briefs and arguments have been filed by both parties; the plaintiff regard-

ing the order for nonsuit as having been made by the court on its own motion, and contending that it exceeded its power, and that the order could only be made on application of the defendant.

Before discussing the question of the legal right of the court to discharge a jury without a verdict, it may be well to call attention to the peculiar condition of the case. The court regarding the evidence as insufficient to warrant a recovery, and thinking it probable that sufficient testimony could be adduced, refused the motion to instruct the jury to enter a verdict for the defendant. At this point it was clearly the duty of plaintiff, unless he was satisfied and willing to abide by the case he had made, to ask and obtain leave to put in further evidence. This he declined to do, but asked leave to withdraw a juror, as under the old practice, and submit to a nonsuit. This the court did not permit, probably regarding it not the proper practice; then withdrew the case from the jury, and entered a judgment of nonsuit.

The provision of the code is that an involuntary nonsuit may "be granted upon *motion of the defendant*, when upon the trial the plaintiff fails to prove sufficient case for the jury." Civil Code, sec. 166. It is urged that the court can only grant a nonsuit upon motion of defendant. We cannot agree with this. Unless prohibited by statute, the court has an inherent right to nonsuit on motion of either party or *sua sponte*, in every case where there is such failure of evidence that a verdict, if found, would be set aside. We do not consider this right restricted by the language of the code. But, in our view, it is not necessary to authoritatively decide whether or not a court can order a nonsuit of its own motion, as in this case the request of both parties was tantamount to a motion, and must be so regarded.

It remains to briefly review the evidence and determine whether it was error to grant a nonsuit. It is contended that plaintiff failed to make sufficient proof of title. There

was no traverse of the allegation of title,—no claim of adverse title or right by the defendant. The answer of the defendant disclaiming knowledge and requiring proof, it has been frequently held, was sufficient to put plaintiff to strict proof of a fee simple title as averred in the complaint.

Proof of possession, occupation and improvements made by the plaintiff were sufficient upon which to base an action to recover damages for any injury to this possession whereby the value of such possession was interfered with during the time of the occupancy from the construction of the railroad until the bringing of suit. For such injury, a tenant or any one in the legal and actual possession of the property might maintain an action. But a suit for permanent injury to the realty, whereby the value of the property was depreciated, could only be predicated and maintained by full proof of a title in fee simple. The proof of title was confined to the introduction of a deed to the plaintiff from Brinkhans-Holley Investment Company and Enoch Holley. No title was shown in either or both. The Investment Company is assumed, by the name and the execution of the deed by officers, to have been a corporation. No authority to the officers by the corporation to execute a deed was shown, nor was it shown that by its charter the Investment Company could take and convey real property. Aside from this, the failure to deraign title from some proper source was fatal. The title of the grantors must have been shown. The making and delivery of the deed was no evidence of title in the grantors. They may have had perfect title, or none whatever, and the attempted conveyance a fraud. That full proof of a good fee simple title must be made in such a case is fully sustained by the authorities.

*The City of Lafayette v. Wortman*, 107 Ind. 404, was a very nearly parallel case, and it was there held that " where title deed is relied upon, a chain of title must be traced back to the ultimate source of title or to a grantor in possession under a claim of title at the time he executed his deed; " citing

*Broker v. Scobey*, 56 Ind. 588; *Steeple v. Downing*, 60 Ind. 478; *Brandenberg v. Seigfried*, 75 Ind. 568; *Start v. Clegg*, 83 Ind. 78.

In *Costello v. Burke*, 63 Iowa, 361, it is held: "But when a claim for damages is filed, the proceeding had therein is in the nature of a personal action. Such claim can be based only on the personal right of the claimant. * * * Plaintiff alleged that he was the owner in fee simple. * * * This puts on him the burden of proving every fact material to his claim, and as the amount of his damages depends upon the extent of his interest in the land, it follows necessarily that he must prove interest." The same is held in *Dean v. Metropolitan R. Co.*, 119 N. Y. 540, where a long list of authorities are cited from many states, and from English reports declaring the same rule of law. See, also, *Hutchinson v. Railroad Co.*, 41 Wis. 541. It follows that the ordering of a nonsuit by the court upon that branch of the case was correct and must be sustained.

By the amended complaint it was sought to charge the defendant with damages by reason of injury to the possession resulting from improper construction of the roadbed preventing ingress and egress to and from the property and the obstruction of the street, also from the breaking of windows and annoyance and damage by the noise, smoke and depositing of cinders, by reason of the alleged improper management of the road. These are injuries affecting the value of the possession, and that only. Had the plaintiff been in actual occupancy of the property during the time, he could, by proper allegations and proof, have maintained an action for injury to such possession; or had a tenant been in possession before the construction and operation of the road with a definite term, and the alleged injuries occurred during the term, the tenant might maintain the action. The allegations in the amended complaint are in effect the same as in the original, not as to damage to the possession of the occupant, but that "*the market value of said premises has been actually and per-*

*manently diminished in value for any use to which they may be put in the sum of $1,500.*"

This allegation, like the former, being for the diminished value of the property, and not for injury in the use and occupation, could only be maintained by full proof of a title in fee, as alleged in the complaint. It follows that the judgment of nonsuit was proper and must be sustained.

*Affirmed.*