TOWN OF ROME CITY, Fred Kimmerly, Walter Mossman, Estil A. Ritchie, Appellants (Defendants Below),

v.

Kenneth A. KING and Mary Louise King, Appellees (Plaintiff Below).

No. 3–384A84.

Court of Appeals of Indiana, Third District.

Sept. 27, 1984.

Michael M. Yoder, Emerick & Diggins, Kendallville, C. Susan Glick, LaGrange, for appellants.

David L. King, King & King, Kendallville, for appellees.

STATON, Presiding Judge.

The Kings brought an action against Rome City seeking enforcement of a judgment previously entered in a nuisance suit. Rome City argued that it had complied with the judgment which had been modified by our Court in *Town of Rome City v. King* (1983), Ind.App., 450 N.E.2d 72. The trial court ruled against Rome City and en-

forced the previous judgment. We affirm because, contrary to Rome City's assertions, our holding in *Town of Rome City, supra,* 450 N.E.2d 72 warrants only one interpretation and because Rome City did not comply with the judgment entered pursuant to that opinion.[1]

The first lawsuit by the Kings against Rome City arose because Rome City had installed a sewage pumping station near the Kings' property which, on several occasions, malfunctioned and caused raw sewage to spill onto the Kings' property. The Kings' original lawsuit alleged that the noise, odor, and spillage constituted a nuisance and that Rome City was negligent in its construction and use of the station. The trial court agreed with the allegations and ordered that the Kings should recover $6,000.00 for the past spillages. It further ordered Rome City to:

"abate and remove the pumping station and locate it at a point so as not to interfere with the use and enjoyment of plaintiffs' property or pay to the plaintiffs the sum of Fifty Thousand Dollars ($50,000.00) for the loss of value of plaintiffs' property."

*Id.* at 75. The pumping station was to be removed within one hundred days to avoid the alternative $50,000.00 remedy.[2] *Id.,* at 76.

Rome City appealed, and in *Town of Rome City, supra,* 450 N.E.2d 72, we held that the noise and odor did not constitute actionable nuisance, but that the spillages did. *Id.* at 78. Thus, the record supported the trial court's finding that the pumping station constituted a nuisance. We agreed with the trial court that Rome City was negligent and that at least some of the spillages could have been prevented by the installation of a generator. *Id.* at 78, 79.[3] By no fair reading of our opinion did we further modify that portion of the trial court's order which required abatement and removal or the payment of $50,000.00.

Pursuant to our decision in *Town of Rome City, supra,* 450 N.E.2d 72, the trial court in the first action entered final judgment against Rome City as follows:

"Counsel for parties stipulate that the pumping station has not been removed; the Court takes notice that more than one hundred days have elapsed since the trial court's decision and one hundred days have elapsed since the Court of Appeals decision; and that Defendant Town of Rome City has not paid the $50,000.00 judgment. It is therefore ordered and adjudged that the Plaintiffs have and recover from the Defendant Town of Rome City the sum of $50,-000.00."

*Record* at 60.

When Rome City failed to act on the judgment, the Kings brought the enforcement action. Rome City has presented nothing worthy of mention to support its reading of our opinion in *Town of Rome City, supra,* 450 N.E.2d 72, or to indicate that the trial court's judgment did not conform to our decision. Therefore, we affirm.

GARRARD and HOFFMAN, JJ., concur.

---

1. Rome City has invited waiver of their appeal by failing to challenge the entry of the first judgment until forced to defend the second action.

2. We modified the damages portion of the trial court's order by holding that a $50,000.00 award to the Kings should preclude the $6,000.00 award for the past spillages. *Town of Rome City, supra,* 450 N.E.2d at 80.

3. Although Rome City insists otherwise, we did not hold in *Town of Rome City, supra,* that the trial court's abatement order could be accomplished by the installation of a generator. We simply agreed that the failure to install a generator constituted negligence, as negligence must be shown for a private citizen to have an actionable nuisance claim against a municipality. *See, e.g., Stein v. City of Lafayette* (1893), 6 Ind.App. 414, 33 N.E. 912, *cited in, Town of Rome City v. King, supra,* 450 N.E.2d at 77.